1   ARTHUR S. BEEMAN (State Bar No. 237996)
    arthur.beeman@snrdenton.com
2   IMRAN A. KHALIQ (State Bar No.232607)
    imran.khaliq@snrdenton.com
3   SNR DENTON US, LLP
    1530 Page Mill Road, Suite 200
4   Palo Alto, CA 94304-1125
    Telephone: (650) 798-0300
5   Facsimile: (650) 798-0310

6   MATTHEW C. WOLF (State Bar No. 223051)
    matthew.wolf@snrdenton.com
7   SNR DENTON US LLP
    601 South Figueroa Street, Suite 2500
8   Los Angeles, California  90017-5704
    Telephone: (213) 623-9300
9   Facsimile: (213) 623-9924

10  Attorneys for Defendant
    Histologics, LLC
11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14  SHARED MEDICAL RESOURCES,          No. SACV12-612 DOC (RNBx)
    LLC, a Delaware limited liability
15  company,
                                        DEFENDANT HISTOLOGICS,
16              Plaintiff,              LLC'S NOTICE OF MOTION AND
                                        MOTION TO DISMISS PLAINTIFF
17        vs.                           SHARED MEDICAL RESOURCES,
                                        LLC'S COMPLAINT;
18  HISTOLOGICS, LLC, a Nevada         MEMORANDUM OF POINTS AND
    limited liability company; BR       AUTHORITIES
19  SURGICAL, LLC, a Florida limited
    liability company; NEAL M.          [Fed. Rules Of Civ. Proc. 8, 12(b),
20  LONKY, MD, an individual;          41(b); and 35 U.S.C. § 281]
    MARTIN LONKY, an individual,
21  KENNETH FRANK, MD, an              Date:        September 10, 2012
    individual, ANDREW BURG, MD,       Time:        8:30 a.m.
22  an individual; RAMON M.            Courtroom:   9D
    CESTERO, MD, an individual;        Judge:       Hon. David O. Carter
23  CATHERINE HAN, MD, an
    individual; ANN MARIE RAFFO,
24  MD, an individual; and STEVEN
    VASILEV, MD, an individual
25
                Defendants.
26

27

28

## NOTICE OF MOTION

TO PLAINTIFF, ITS ATTORNEYS, AND THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that at 8:30 a.m. on September 10, 2012, or as soon thereafter as the matter may be heard in Courtroom 9D of this Court, located at 411 W. Fourth St., #1053, Santa Ana, California, Defendant Histologics, LLC will, and hereby does, move pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and (6), 41(b), and 35 U.S.C. Section 281 to dismiss Plaintiff Shared Medical Resources, LLC's Complaint.

Histologics bases this Motion on grounds that (1) SMR has failed to prosecute this action, and such failure has materially harmed Histologics; (2) SMR lacks standing to assert its sole cause of action for patent infringement because it is not the sole owner of the patent in issue; and (3) SMR has failed to plead sufficient facts to state a claim for patent infringement as a matter of law.

Histologics bases its Motion upon this notice, the following Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and Declarations of Neal M. Lonky, M.D., Martin Lonky and Matthew C. Wolf, all pleadings, records, and documents on file in this case, and such additional evidence and argument as may be properly introduced in support of the motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which was initiated on August 2, 2012 and took place on August 6, 2012.

Dated: August 10, 2012              SNR DENTON US LLP


                                    By  /s/ Arthur S. Beeman
                                          ARTHUR S. BEEMAN

                                    Attorneys for Defendant
                                    Histologics, LLC

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................... 1

II.  THE COMPLAINT AND RELEVANT FACTS ........................................ 2

     A.   The Parties. ........................................................................... 2

         1.   Histologics And Dr. Neal M. Lonky. ................................. 2

         2.   Plaintiff SMR. ........................................................... 3

     B.   The '044 Patent. .................................................................... 3

     C.   The Complaint. ...................................................................... 4

     D.   SMR's Post-Filing Conduct and Failure to Prosecute. ..................... 5

     E.   SMR Is Not The Sole Owner Of The '044 Patent. .......................... 5

III. ARGUMENT ................................................................................ 7

     A.   The Complaint Should Be Dismissed Because SMR Has Failed To Prosecute the Action. ............................................... 7

     B.   SMR Lacks Standing To Sue For Infringement Of The '044 Patent. ................................................................................ 9

     C.   The Complaint Fails To State A Claim As A Matter Of Law. ......... 12

         1.   SMR Has Not Stated A Proper Infringement Claim Against the Individual Defendants. ................................. 14

         2.   SMR Has Not Stated A Claim For Indirect Infringement. ............................................................ 16

         3.   SMR Fails To Plead A Proper Claim for Inducement Under 35 U.S.C. § 271(b). ............................................ 18

         4.   The Complaint Fails To State A Proper Claim For Contributory Infringement Under 35 U.S.C. § 271(c). .......... 20

         5.   SMR Failed To State A Claim For Infringement Under 35 U.S.C. § 271(f). ................................................... 22

         6.   SMR Failed to State A Claim for Willful Infringement. ........ 24

IV.  CONCLUSION ............................................................................ 25

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Acco Brands, Inc. v. ABA Locks Mfr. Co.*,
  501 F.3d 1307 (Fed. Cir. 2007) ........................................................ 16

*Air Vent, Inc. v. Owens Corning Corp.*,
  2011 WL 2601043 ........................................................ 14, 18, 20, 21

*Al-Torki v. Kaempen*,
  78 F.3d 1381 (9th Cir. 1996) ............................................................ 8

*AntiCancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*,
  745 F. Supp. 2d 1165 (S.D. Cal. 2010) ............................................ 18

*Appalachian Enter., Inc. v. ePayment Solutions Ltd.*,
  2004 WL 2813121 (S.D.N.Y. 2004) ................................................. 15

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  365 U.S. 336 (1961) ......................................................................... 16

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................. *passim*

*Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*,
  2012 U.S. Dist. LEXIS 51650 (N.D. CA 2012) ................................ 25

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ................................................................ *passim*

*Best Medical Intern., Inc. v. Accuray, Inc.*,
  2011 WL 860423 .............................................................................. 15

*BMC Resources, Inc. v. Paymentech, L.P.*,
  498 F.3d 1371 (Fed. Cir. 2007) ....................................................... 16

*Btesh v. City of Maitland, Fla.*,
  2010 WL 497718 (M.D. Fla. 2010) .................................................. 24

*Burke v. Twp. of Cheltenham*,
  742 F. Supp. 2d 660 (E.D. Pa. 2010) ............................................... 13

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
  911 F.2d 670 (Fed. Cir. 1990) ......................................................... 16

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

MOTION TO DISMISS

*Chang v. Astrue,*
   2007 WL 1791880 (E.D. Cal. June 19, 2007) ...................................................... 8

*Classen Immunotherapies, Inc. v. Biogen IDEC,*
   381 F. Supp. 2d 452 (D. Md. 2005) ..................................................................... 15

*Coolsavings.com, Inc. v. Catalina Mktg. Corp.,* 1999
   WL 342431 (N.D. Ill. May 14, 1999) .................................................................. 17

*Cristanelli v. U.S. Lines,*
   74 F.R.D. 590 ...................................................................................................... 8

*Crown Die & Tool Co. v. Nye Tool & Mach. Works,*
   261 U.S. 24 (1923) ........................................................................................ 1, 9

*Desenberg v. Google, Inc.,*
   392 F. App'x 868 (Fed. Cir. 2010), *cert denied,* 131 S. Ct. 962 (2011) ........... 17

*DSU Med. Corp. v. JMS Co.,*
   471 F.3d 1293 (Fed. Cir. 2006) ......................................................................... 19

*Enzo APA & Son, Inc. v. Geapag AG,*
   134 F.3d 1090 (Fed. Cir. 1998) ...................................................................... 1, 9

*Eon Corp.,*
   2011 WL 2708945 ............................................................................................. 16

*Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.,*
   936 F. Supp. 93 (W.D.N.Y. 1996) .................................................................... 17

*Golod v. Bank of America Corp.,*
   403 F. Appx. 699 (3d Cir. 2010) ....................................................................... 14

*Howery v. Allstate Ins. Co.,*
   243 F.3d 912 (5th Cir. 2001) ............................................................................ 11

*In re Bill of Lading,*
   695 F. Supp. 2d ................................................................................................. 21

*In re Seagate Tech., LLC,*
   497 F.3d 1360 (Fed. Cir. 2007) (en banc) ........................................................ 24

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of CA, Inc.,*
   248 F.3d 1333 (Fed. Cir. 2001), *cert. denied,* 534 U.S. 895 (2001) .......... 10, 11

*International Nutrition Co. v. Horphag Research Ltd.,*
   257 F.3d 1324 (Fed Cir. 2001) .......................................................................... 11

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

NOTICE OF MOTION TO DISMISS

*IpVenture, Inc. v. Cellco P'ship*,
  No. C 10-04755, 2011 WL 207978 (N.D. Cal. Jan. 21, 2011) ..........................18

*Israel Bio-Engineering Project v. Amgen Inc.*,
  401 F.3d 1299 (Fed Cir. 2005) ...........................................................................11

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ................................................................................16

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) ..........................................................................10

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ..........................................................................21

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ...........................................................................................10

*Malleus v. George*,
  641 F.3d 560 (3d Cir. 2011) ...............................................................................13

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009) ........................................................16, 20, 21

*Minkus Electronia Display Sys., Inc. v. Adaptive Micro Sys. LLC*,
  2011 WL 941197 (D. Del. Mar. 16, 2011)..................................................20, 21

*Moneymaker v. CoBen (In Re Eisen)*,
  31 F.3d 1447 (9th Cir. 1991) ...........................................................................8, 9

*Ondeo Nalco Co. v. EKA Chemicals, Inc.*,
  2002 WL 1458853 (D. Del. June 10, 2002) .......................................................17

*Pieczenik v. Abbott Labs.*,
  2011 WL 1045347 ...............................................................................................20

*Quantum Corp. v. Riverbed Tech., Inc.*,
  No. C 07-04161 WHA, 2008 WL 314490 (N.D. Cal. Feb. 4, 2008) ................10

*Realtime Data LLC v. Stanley*,
  2010 U.S. Dist. LEXIS 58049 ............................................................................24

*Rodime PLC v. Seagate Technology, Inc.*,
  174 F.3d 1294 (Fed. Cir. 1999) ......................................................16, 24, 25

*Santiago v. Warminster Twp.*,
  629 F.3d 121 ........................................................................................................22

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

NOTICE OF MOTION TO DISMISS

*Shearing v. Optical Radiation Corp.*,
    30 U.S.P.Q.2d 1878 (D. Nev. 1994).................................................................17

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
    No. 2:03-1329, 2010 WL 4070208 (E.D. Cal. Oct. 18, 2010) ...........................18

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ..........................................................................18

*Xpoint Tech., Inc. v. Microsoft Corp.*,730
    F. Supp. 2d 349 (D. Del. 2010) ......................................................14, 19, 20, 21

**FEDERAL STATUTES**

35 U.S.C.
    § 271(b).................................................................................................................18
    § 271(c).................................................................................................................20
    § 271(f).................................................................................................22, 23, 24
    § 281 ...................................................................................................................1, 9

**RULES**

Fed. R. Civ. P.
    Rule 4(m) ...............................................................................................................5
    Rule 8..............................................................................................................*passim*
    Rule 12............................................................................................................8, 13
    Rule 4..............................................................................................................1, 8
    Rule 19...............................................................................................................11

USDC Central District Local Rule Rule 7-3 ............................................................7

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

NOTICE OF MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Shared Medical Resources, LLC ("SMR") filed its complaint for patent infringement on April 19, 2012 -- almost four months ago.  Despite the significant time that has elapsed, and numerous communications between SMR's counsel and counsel for Histologics,[1] SMR has made no attempt to prosecute this lawsuit, indeed it has not made any effort to serve the Complaint.  It has become clear that SMR is using this lawsuit as a public relations propaganda initiative, not to seek relief, but to damage Histologics' business.  Regardless of motive, SMR's failure to prosecute its claim warrants dismissal pursuant to Federal Rules of Civil Procedure 41(b) and the Court's inherent powers.

Moreover, SMR's Complaint is fatally defective.  First, the action should be dismissed for lack of subject matter jurisdiction.  SMR brought this action alleging that Defendants infringe U.S. Patent No. 6,258,044 (the "044 patent").  SMR is not the sole owner or assignee of the right to the patent-in-suit, and therefore lacks standing to bring this action.  The right to sue for patent infringement is limited by statute and case law to the owner of the patent.[2]  *See* 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent"); *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 40 (1923) ("[T]he plaintiff in an [infringement] action ... must be the person or persons in whom the legal title to the patent resided at the time of the infringement.").  As demonstrated herein,

---

[1] The Complaint names defendants Histologics, LLC, BR Surgical, LLC, Neal M. Lonky, MD, Martin Lonky, Kenneth Frank, MD, Andrew Burg, MD, Mark Winter, MD, Ramon M. Cestero, MD, Catherine Han, MD, Ann Marie Raffo, MD and Steven Vasilev, MD (collectively, "Defendants").  As detailed below, the Complaint fails to allege sufficient facts upon which to state a claim, but it appears based on the allegations that do exist that SMR has named the wrong Histologics entity in the Complaint.  Defendant Mark Winter, MD, was dismissed on July 9, 2012.

[2] Although the Federal Circuit has made an exception to this standing rule for exclusive licensees with all substantial rights to a patent, *see Enzo APA & Son, Inc. v. Geapag AG*, 134 F.3d 1090, 1093-94 (Fed. Cir. 1998), SMR is not an exclusive licensee and nothing in the complaint alleges any such thing.

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SMR assigned an equal, undivided interest in the patent to a non-party and therefore lacks standing to maintain this lawsuit.

The bare-bones allegations of the Complaint are woefully inadequate and fall short of even the notice pleading standards required by Rule 8 and under the controlling *Iqbal/Twombly* standards.  And finally, it appears that SMR has named the wrong Histologics entity in the Complaint.  For the reasons set forth herein, the Complaint should be dismissed.

## II.   THE COMPLAINT AND RELEVANT FACTS

### A.   The Parties.

#### 1.   Histologics And Dr. Neal M. Lonky.

SMR named as a defendant Histologics LLC, a Nevada Limited Liability Company.  (Compl. ¶ 2.)  However, since November 2010, Histologics' business has operated through a separate entity, also called Histologics LLC, that is incorporated in Delaware.  Indeed, the Nevada entity was merely a "development" company whereas the Delaware company is responsible for business operations, including selling product.  The Nevada entity is merely a shareholder of the operating Delaware entity.  (Declaration of Neal M. Lonky, M.D. ("Dr. Lonky Decl.") at ¶ 2.)[3]  Co-defendants Neal M. Lonky, M.D. and Martin Lonky, Ph.D., and others, are owners and operators of both Histologics entities.  Histologics (Delaware) markets and sells a product known as Soft-ECC®, an endocervical curette used to collect histological samples from endocervical canals.  (*Id.*, ¶ 3.)

Dr. Neal Lonky invented SpiraBrush in 1991 to solve the problem of taking painless, non-invasive gynecological samples from the cervix during screening procedures.  Dr. Lonky formed the Trylon Corporation[4] to develop and market a

---

[3] Contrary to the allegations of the Complaint, the Histologics Nevada entity's  principal place of business is Henderson, Nevada.  The principal place of business of the Delaware entity is Yorba Linda, California.  (Dr. Lonky Decl., ¶ 4.)

[4] The Trylon Corporation was acquired and later became known as Shared Medical Resources, LLC (the plaintiff in this action).  (Dr. Lonky Decl., ¶ 6.)

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

product based on SpiraBrush.  The SpiraBrush that Dr. Lonky invented is identical to the SpiraBrush CX that SMR currently markets and sells.  Clinical trials were conducted in 1992-93, publicly presented and published.  (*Id*. ¶¶ 5-8.)

A U.S. Trademark was filed for "SpiraBrush CX" by Trylon Corporation on March 3, 1993.  The Trademark application states, "the TM was first used in connection with goods on December 4, 1992, it was used in interstate commerce among the several states on December 4, 1992, and is still in use in such commerce by Applicant."  (Declaration of Martin Lonky ("Martin Lonky Decl.") at ¶ 2.)  The goods referenced refer to the "SpiraBrush CX," the claimed product embodiment of the '044 patent.  As part of the Trademark application, Trylon submitted SpiraBrush samples to the United States Patent and Trademark Office ("USPTO") as proof of use of the Trademark in commerce.  Trylon generated approximately $1 million in sales through June 30, 1994.  (*Id*.)

The '044 patent issued on July 10, 2001.  Dr. Lonky, Martin Lonky, and Trylon were not included in the construction, declaration, or prosecution of the '044 patent.  (*Id*. ¶¶ 3-4; Dr. Lonky Decl., ¶ 10.)  The patent application was filed with a declaration that appears to contain a forgery of Dr. Lonky's signature.  (*Id*.)

## 2.    Plaintiff SMR.

Plaintiff SMR is a Delaware limited liability company with its principal place of business in Newport Beach, California.  (Compl. ¶ 1.)  SMR markets and sells "SpiraBrush CX" to medical clinics and physicians for use in cervical biopsies.  (*Id*. ¶ 31.)   SMR alleges that it is the "owner by assignment of an undivided interest in U.S. Pat. No. 6,258,044 ("the '044 patent").  SMR alleges that the SpiraBrush CX is covered by the '044 patent.  (Compl. ¶ 32.)

## B.    The '044 Patent.

The '044 patent was filed on July 23, 1999 and claims priority to an provisional application filed on July 23, 1998.  The patent is titled, "Apparatus And Method For Obtaining Transepithelial Specimen Of a Body Surface Using a

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

MOTION TO DISMISS

Non-Lacerating Technique. " The '044 patent discloses an apparatus and method for lacerational techniques to collect cells in a oral mouth cavity utilizing a brush which has an abrading surface to collect cells from the superficial, intermediate and basal layers of the oral tissue. (RJN, Ex. A.; '044 patent, Abstract.) The patent includes both apparatus and method claims. (*Id.* col. 11-14.) The '044 patent discloses a brush that is identical to the brush that Trylon publicly marketed, tested and sold. (Dr. Lonky Decl., ¶ 7.)

### C.    The Complaint.

SMR filed this action on April 19, 2012. The Complaint states a single cause of action for "Patent Infringement" of the '044 patent against all Defendants. (Compl. ¶ 37.) The only arguably relevant allegations of infringement in the Complaint state:

> 35. ... Defendants import, make, use sell and/or offer for sale within the United States and within California, either directly or through established channels, products that give rise to infringement of the '044 Patent, including by way of example and not limitation, the Histologics Soft-ECC cervical biopsy device.

> 37. SMR alleges on information and belief that Defendants have infringed and continue to infringe the '044 Patent by making, using, selling, offering for sale within the United States, or importing into the United States products that embody one or more of the claims of the '044 Patent, or carrying out acts constituting infringement under 35 U.S.C. § 271(f).

> 38. SMR further alleges on information and belief that Histologics, Neal Lonky, Martin Lonky, BR Surgical, Frank, Burg, and Cestero had prior knowledge of the '044 Patent and continue to have, the specific intent to induce their customers to infringe the '044 Patent, and their customers do in fact infringe the '044 Patent of which infringement they know or should have known.

> 39. SMR further alleges that on information and belief that Histologics, Neal Lonky, Martin Lonky, BR Surgical, and Frank provide products, devices, systems, and/or services that are especially made to be used, are intended to be used, and are in fact used by their customers, in a way that infringes the '044 Patent, and that have no substantial non-infringing uses.

> 41. The conduct of Defendants as set forth hereinabove gives rise to a claim for infringement of the '044 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

These purported facts are insufficient to state a claim.

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### D.     SMR's Post-Filing Conduct And Failure To Prosecute.

Since SMR filed this action, it deliberately has failed to serve its Complaint. Instead, SMR is using the 120-day period permitted under Rule 4(m) to publicize its purported allegations of infringement, threaten Histologics' business partners and customers, and generally disparage Histologics in the marketplace.

Post-filing, SMR has engaged in a pattern of conduct designed to cause irreparable damage to Histologics' business.  SMR's officers and agents have attempted to use the lawsuit, despite dilatory service, to orchestrate a false public relations campaign to harm Histologics' business operations.  Further, SMR has directly interfered with Histologics' relationships with its suppliers, researchers, and sales staff by threatening to sue and refusing to do business with parties that did not terminate their relationship with Histologics.  This has significantly hampered Histologics' ability to conduct necessary research as well as engage in business operations.[5]  (Dr. Lonky Decl., ¶ 9.)

Although SMR counsel has discussed with defense counsel the merits of the action, Plaintiff has not made any effort to serve the Complaint, request waiver of service, or request that counsel accept service of process -- this, despite having sent what amount to "courtesy copies" of the Complaint to Defendants via FedEx shortly after filing.  (Wolf Decl. ¶¶ 2-3)

### E.     SMR Is Not The Sole Owner Of The '044 Patent.

The assignment history with respect to the '044 patent is muddled and includes several potential "patent trails," all of which lead to the conclusion that SMR is not the sole owner of the patent.

---

[5] For example, SMR contacted a business partner of Histologics, Avero Diagnostics, informed them of this lawsuit and used the lawsuit as a threat to attempt to coerce Avero to stop buying Histologics' product SMR requested that Avero sign a long-term purchasing agreement with SMR for SpiraBrush.  Further, in or about May 2012, Women's Health Laboratories, a division of Poplar Health Care, was displaying the Soft-ECC at their booth at a convention in San Diego. A representative of SMR approached the booth and threatened the Women's Health Lab

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    One "trail" originates in 1999 with an assignment from Dr. Lonky (and

2    named co-inventor Jeremy James Michael Papadopoulous) to Oralscan

3    Laboratories, Inc. (RJN, Ex. B); then from Oralscan to The Trylon Company

4    (RJN, Ex. C); then to SMR (RJN, Ex. D), which assigned an equal and undivided

5    joint co-ownership of the patent to CDx Laboratories, Inc. on April 18, 2006.

6    (RJN, Ex. E.)

7    A second trail begins in 2001 with Dr. Lonky's assignment of the patent to a

8    joint venture between Oralscan and Trylon.  (RJN Ex. F.)  An April 17, 2006,

9    "Clarification Agreement" between SMR and CDx disclaims the assignment to the

10   joint venture assignment (reflected in Ex. F) and/or purports to agree that, even if

11   the assignment was somehow valid, SMR controls all rights to the patent as of that

12   date.  (RJN Ex. G.)  At that point, the trail converges with the first trail and

13   continues with SMR's April 18, 2006 assignment of an equal and undivided joint

14   co-ownership of the patent to CDx Laboratories, Inc.  (RJN Ex. E.)

15   Thus, the convoluted assignment history to various entities, which also

16   includes various security agreements, purported cancellation of rights, and other

17   so-called "clarifications" renders the chain of title unclear as to whether SMR ever

18   was the sole owner of the '044 patent.  Even if it was, the April 18, 2006

19   assignment left an equal and undivided interest between SMR and CDx with

20   separate "field of use" designations (as described in the April 18, 2006

21   assignment).  (RJN Ex. E.)

22   As such, CDx was, at minimum, a co-owner of the Patent.  In relevant part,

23   the 2006 Assignment Agreement states:

24       ASSIGNOR [SMR] hereby sells, assigns and transfers to
         ASSIGNEE [CDX Laboratories, Inc.] and ASSIGNEE accepts, an
25       equal and undivided joint interest in all rights, titles and interests in
         or related to the United States Patent No. 6,258,044 ... []
26
27       Grant Clause
_____

28   personnel that if Women's Health Lab did not stop displaying the Soft-ECC it could become a
     party to the lawsuit.  This conduct has damaged Histologics. (Dr. Lonky Decl., ¶ 9.)

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

a.   Subject to the terms and conditions of the Agreement, each of the ASSIGNOR and ASSIGNEE has an equal and undivided joint interest in all rights, titles and interests in and to the Patents.  (*Id.*)

Furthermore, it appears that an interest in the patent may have been obtained by certain secured creditors of CDx,[6] including but not limited to the Goldstein Family Partnership, L.P., on or about September 26, 2011.  (RJN, Ex. H.)[7]

## III.   ARGUMENT

### A.   The Complaint Should Be Dismissed Because SMR Has Failed To Prosecute the Action.

Despite filing this case nearly four months ago, SMR has failed to serve any defendant.  SMR is abusing the statutory time afforded for service for no reason other than to damage Histologics' business before it can respond.  This is not a matter of a making diligent effort to locate the Defendants --  SMR is well aware of the location of each Defendant and has already delivered courtesy copies to most of the named Defendants.  Moreover, counsel for Histologics has reached out to counsel for SMR on numerous occasions, in an effort to identify and resolve the many factual and procedural flaws embodied in the Complaint and to seek resolution of this matter.  SMR has not responded in any meaningful way to Histologics' efforts.[8]  (*See* Wolf Decl., ¶¶ 2-4.)  Despite its unwillingness to seek resolution of these issues and avoid litigation, SMR made no effort to pursue the litigation.

SMR's conduct is designed to use the filing of the lawsuit as an improper weapon to wreak havok upon Histologics' business.  SMR's officers and agents

---

[6] During the Rule 7-3 conference in advance of this motion, counsel for SMR conceded that SMR did not know which third party entity or entities maintain an interest in the patent. (Wolf Decl., ¶ 5.)

[7] The '044 Assignment  Abstract of Title is attached to the RJN as Exhibit I.

[8] On July 30, 2012, over three months after filing the Complaint, counsel SMR transmitted what it described as "talking points to initiate settlement discussions."  This transmission only occurred <u>after</u> counsel for Histologics initiated a discussion regarding a possible settlement several weeks before.  At no time has Histologics made a settlement offer.  (Wolf Decl., ¶ 4.)

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

have attempted to use the unserved lawsuit as the basis for a false public relations campaign to harm Histologics' business operations.  SMR has directly interfered with Histologics' relationships with its suppliers, researchers, and sales staff by threatening to sue and refusing to do business with parties that did not end their relationship with Histologics.  This conduct, among other things, has hampered Histologics' ability to conduct necessary research and pursue its business.  (Dr. Lonky Decl., ¶ 9.)

Dismissal with prejudice, for willful and inexcusable failure to prosecute, is a proper exercise of discretion under Federal Rules of Civil Procedure 41(b) and this Court's own inherent power.  *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (citations omitted).  *See also Chang v. Astrue,* 2007 WL 1791880, at *1 (E.D. Cal. June 19, 2007) ("A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action ...") (citing *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)); *Cristanelli v. U.S. Lines*, 74 F.R.D. 590, 593 (C.D. Cal. 1977 (noting that "[t]he failure to prosecute diligently is sufficient by itself to justify an involuntary dismissal of the action," and finding "Defendant is entitled to dismissal with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6)").

The Ninth Circuit "require[s] the district court to weigh five factors to determine whether to dismiss a case for lack of prosecution:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of a less drastic sanctions."  *Moneymaker v. CoBen (In Re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1991) (citations omitted).  The record provides a solid basis for this Court to exercise its inherent discretion to dismiss with prejudice SMR's lawsuit.

The first two *Eisen* factors weigh in favor of dismissing SMR's Complaint with prejudice because of its inexcusable and unexplained delay in service.  SMR

- 8 -

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

has let this case languish for nearly four months while making no effort to serve the complaint or otherwise meaningfully resolve the purported damages claimed. SMR has provided no explanation for its dilatory conduct, and the indications of its true intent -- to destroy Histologics' business -- are manifest.  Absent any justification for its delay, the Court's and the public's interest are well served by dismissal with prejudice.

The third factor, risk of prejudice to defendants, supports dismissal with prejudice.  Although "[t]he law presumes injury from unreasonable delay," *id.* at 1452 (citation omitted),  the injury here is obvious even without presumption. Since filing this lawsuit, SMR has embarked on a mission to destroy Defendant's business.  The "risks" to Defendant are not speculative -- Defendants are already being harmed.

There is no concern that this case would be improperly dismissed without trying its "merits."  There are no merits to this action.  SMR lacks standing to bring this suit, and even if it did, its Complaint is deficient as a matter of law.

Under these circumstances, there are no other available sanctions less drastic than dismissal with prejudice, and the fifth factor thus weighs in Defendants' favor also.

**B.    SMR Lacks Standing To Sue For Infringement Of The '044 Patent.**

As set forth above, the right to sue for patent infringement is limited by law to the patent owner.[9]  *See* 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent"); *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 40 (1923) ("[T]he plaintiff in an [infringement] action

_____

[9] While the Federal Circuit has made an exception to this standing rule for exclusive licensees with all substantial rights to a patent, *see Enzo APA & Son, Inc. v. Geapag AG*, 134 F.3d 1090, 1093-94 (Fed. Cir. 1998), nothing in SMR's complaint alleges that SMR is an exclusive licensee.

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

... must be the person or persons in whom the legal title to the patent resided at the time of the infringement.").

If a party lacks ownership rights in the patent-in-suit at the time of filing its complaint, then there is no standing and the case should be dismissed.  Under Article III of the Constitution, a plaintiff must establish standing to sue before a federal court will consider the merits of its claims. As one court aptly noted:

> In light of the proliferation of patent-infringement actions, it is not too much to ask sophisticated patent litigants to be careful when it comes to the threshold issue of standing ....  District judges cannot overlook a defect in the chain of title, for the entirety of massive litigation might wind up being vacated years later, for lack of threshold standing.  As carpenters say, it is wise to "measure twice and cut once."

*Quantum Corp. v. Riverbed Tech., Inc.*, No. C 07-04161 WHA, 2008 WL 314490, at *3 (N.D. Cal. Feb. 4, 2008) (citations omitted).

Thus, it is a basic principle of patent law that a party who lacks legal ownership of all, or substantially all, the rights to a patent is without standing to sue for its infringement.  *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("If a party lacks title to a patent, that party 'has no standing to bring an infringement action' under that patent.") (citing *FilmTec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1571 (Fed. Cir. 1991)).  Without standing to bring an action for infringement, there is no subject matter jurisdiction over the claim, requiring the action to be dismissed.  *Intellectual Prop. Dev., Inc. v. TCI Cablevision of CA, Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001), *cert. denied*, 534 U.S. 895 (2001).

Once a defendant asserts lack of subject matter jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction over the dispute.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Because federal courts have limited jurisdiction, it is presumed that a suit lies outside these limits, and accordingly the burden of establishing federal jurisdiction rests on the party seeking the federal

- 10 -

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

forum.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Absent subject matter jurisdiction, this case must be dismissed.  *Intellectual Prop. Dev., Inc.*, 248 F.3d at 1345.

Patent law requires that all co-owners normally must join as plaintiffs in an infringement suit.  *International Nutrition Co. v. Horphag Research Ltd*., 257 F.3d 1324, 1331 (Fed Cir. 2001).  Where one co-owner possesses an undivided part of the entire patent, the joint owner must join all other co-owners to establish standing.  *Israel Bio-Engineering Project v. Amgen Inc*., 401 F.3d 1299, 1305 (Fed Cir. 2005)  (citing *Prima Tek II, L.L.C. v. A-Roo Co*, 222 F.3d 1372, 1377 (Fed Cir. 2000)).  A contrary requirement would be in conflict with Rule 19(a) of the Federal Rules of Civil Procedure -- "shall be joined as a party in the action if ... the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... leave any persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  It is clear from the 2006 assignment that if SMR did own any rights in the '044 patent, it transferred an undivided joint interest in the patents to CDx.  (RJN, Ex. E).  SMR lacks standing to enforce the patent in its own name alone.  CDx, as the apparent co-owner of the patent with undivided interest is a necessary and indispensable party under Rule 19.  The case cannot proceed without CDx and the Complaint should be dismissed for failure to join a necessary party.

SMR's Complaint should be dismissed because it does not own an undivided interest in the '044 patent.  Rather, either non-party CDx Laboratories, or its creditors (including but not limited to the Goldstein group) have an equal, undivided interest in the patent.

Whether SMR was ever the sole owner of the '044 Patent is open to question.  (*See, e.g.,* RJN, Exs. B-D, G.)  Even if it were, the April 18, 2006 assignment provides non-party CDx with an equal, undivided interest in it.  (*Id.*

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 11 -

MOTION TO DISMISS

Ex. E.)[10]  Whether CDx still controls that interest or if it has now transferred to the creditors of CDx (*id.*, Ex. H), there is no question SMR does not control the entire interest in the patent.

### C.    The Complaint Fails To State A Claim As A Matter Of Law.

SMR has named the following parties as defendants:  Histologics; BR Surgical, LLC; Neal M. Lonky, MD; Martin Lonky; Kenneth Frank, MD; Andrew Burg, MD; Mark Winter, MD; Ramon M. Cestero, MD; Catherine Han, MD; Ann Marie Raffo, MD; and Steven Vasilev, MD.  On July 9, 2012 SMR dismissed Dr. Winter.

Despite naming 11 separate parties, the only individualized, <u>specific</u> allegations against any Defendants in the Complaint are jurisdictional (Compl. at ¶¶ 2-12, 16-26).  The remainder of the allegations either group all or most of the Defendants together as part of generic, boilerplate allegations that fail to meet the pleading requirements of the Federal Rules of Civil Procedure.

To state a claim under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this standard, the Supreme Court has held that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

---

[10] CDx may have assigned its interest in the patent to other third parties, who of course are not joined.

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 546). As such, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, *and a formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 550 U.S. at 555 (emphasis added). Moreover, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks and citation omitted).[11]

In line with the pleading standards set forth in *Twombly* and *Iqbal*, the Ninth Circuit has articulated a three-step approach to determine whether a complaint states a viable claim for relief under Rule 8. Specifically, when ruling on a motion to dismiss under Rule 12(b)(6), a court must: (1) identify "the elements a plaintiff must plead to state a claim;" (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, ... assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 130; *see also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). A court's analysis is necessarily "a 'context- specific' inquiry that 'requires the reviewing court to draw on its judicial experience and common sense.'" *Burke v. Twp. of Cheltenham*, 742 F. Supp. 2d 660, 667 (E.D. Pa. 2010) (quoting *Iqbal*, 129 S. Ct.

---

[11] In *Iqbal*, the Supreme Court articulated two "working principles" underlying these pleading standards: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

at 1950).  Importantly, if there is insufficient factual content set forth in the complaint to state a claim after the court "correctly disregards [the plaintiff's] legal conclusions," then the complaint fails to pass muster under Rule 8 and should be dismissed at the pleading stage.  *See Golod v. Bank of America Corp.*, 403 F. Appx. 699, 702-03 (3d Cir. 2010).

SMR alleges that each of the Defendants infringes the '044 Patent both directly and indirectly (through inducement and contributory infringement). However, SMR does not make any specific allegations against any individual defendant.  Rather, SMR generically alleges that the "Defendants," collectively infringed the patent.  Based on these non-specific, group-based allegations, SMR seeks unspecified damages and attorneys' fees.

### 1.   SMR Has Not Stated A Proper Infringement Claim Against The Individual Defendants.

To state a claim for direct infringement, a plaintiff must plead at least the following elements, consistent with Fed. R. Civ. P. Form 18:  "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Xpoint Tech., Inc. v. Microsoft Corp.*,730 F. Supp. 2d 349, 352 (D. Del. 2010) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)); *Air Vent, Inc. v. Owens Corning Corp.*, 2011 WL 2601043, at *3.

The Complaint lacks any specific allegations against any of the Defendants. Although the Complaint refers to Histologics Soft-ECC cervical biopsy device (Compl. ¶ 44), in the remainder of the Complaint SMR simply lumps the Defendants together, and generically alleges that "Defendants" infringed the '044

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

pleader is entitled to relief.'  *Iqbal*, 129 S. Ct. at 1949-50 (emphasis added) (internal citations omitted)."

- 14 -

MOTION TO DISMISS

Patent by, "making, using, selling, offering for sale within the United States, or importing into the United States products that embody one or more of the claims of the '044 Patent, and/or by contributing to infringement, inducing others to infringe the '044 Patent, or carrying out acts constituting infringement …." *Id.* at ¶ 37.  These allegations merely parrot the allegations of a statutory violation but do not state a proper claim for infringement.

In paragraphs 16-26 of the Complaint, SMR lists 12 individuals and companies as individual defendants.  However, other than establishing that these parties are named defendants, the Complaint does not specify what role they played in allegedly infringing the '044 patent.   SMR's failure to distinguish between each individual Defendant is fatal to its direct infringement claims against the Defendants. *See Best Medical Intern., Inc. v. Accuray, Inc.*, 2011 WL 860423, at *6 (holding that "generic, conclusory references to [multiple] defendants as a group" were insufficient to state a claim for direct infringement).  As one district court noted*,* where a plaintiff's "general allegation fails to delineate the particular acts of infringement attributable to each defendant[, the complaint] does not provide facts sufficient to inform [each defendant] of the basis for [the plaintiff's] claims." *Classen Immunotherapies, Inc. v. Biogen IDEC,* 381 F. Supp. 2d 452, 455 (D. Md. 2005).  Thus, a plaintiff does not satisfy Rule 8 where the complaint "lump[s] all the defendants together and fail[s] to distinguish their conduct[,] because such allegations fail to give adequate notice to the defendants as to what they did wrong." *Appalachian Enter., Inc. v. ePayment Solutions Ltd.,* 2004 WL 2813121, at *6 (S.D.N.Y. 2004).  Here, the Complaint fails to identify any specific infringing acts attributed to any individual defendant.  Because of that failure, the Complaint does not give Defendants adequate notice of what allegedly wrongful acts they have committed.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 15 -

MOTION TO DISMISS

## 2.    SMR Has Not Stated A Claim For Indirect Infringement.

"There are two kinds of indirect-infringement patent claims: claims for induced infringement and for contributory infringement." *e-LYNXX*, 2011 WL 3608642, at *6.  Under either theory, "[i]ndirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement." *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1371, 1379 (Fed. Cir. 2007); *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961) ("[T]here can be no contributory infringement in the absence of a direct infringement."); *Acco Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) ("In order to prevail on an inducement claim, the patentee must establish first that there has been direct infringement ...." (internal quotation marks omitted)); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or contributory infringement is dependent upon the existence of direct infringement").  A plaintiff must also "plead knowledge and intent for indirect infringement claims on motions to dismiss," and do so with sufficient specificity such that the pleading standards set forth in *Twombly* and *Iqbal* are met. *Eon Corp.*, 2011 WL 2708945, at *3; *see also e-LYNXX*, 2011 WL 3608642 at *6. SMR failed to meet these standards.

### a)    The Complaint Fails To Allege Direct Infringement By A Third Party.

The purpose of an indirect infringement claim is to hold a defendant vicariously liable for a third party's direct patent infringement.  *See Rodime PLC v. Seagate Technology, Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) ("Inducement requires proof that the accused infringer knowingly aided and abetted another's direct infringement of the patent"); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990) (defining inducement as aiding and abetting "another's direct infringement"); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 353 (D. Del. 2009) ("Claims for indirect infringement cannot exist

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

in the absence of direct infringement").  Accordingly, "direct infringement [by a non-party] also must be pleaded in the complaint to state a claim for inducement of infringement and contributory infringement."  *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*, 936 F. Supp. 93, 95 (W.D.N.Y. 1996).  Failure to do so warrants dismissal of the inducement claim.  *See, e.g., Ondeo Nalco Co. v. EKAChemicals, Inc.*, 2002 WL 1458853, at *1 (D. Del. June 10, 2002) (dismissing inducement claim where the pleadings "fail to allege direct infringement by a party other than [the accused infringer]"); *see also Shearing v. Optical Radiation Corp.*, 30 U.S.P.Q.2d 1878, 1880 (D. Nev. 1994) (dismissing plaintiff's inducement claim, in part, because plaintiff failed to plead sufficiently direct infringement by a third party); *Coolsavings.com, Inc. v. Catalina Mktg. Corp.*,1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) (same).

There is no allegation that any third party directly infringes the Patent.  This failure is fatal to SMR's attempt to state a claim for indirect infringement.  *See Desenberg v. Google, Inc.*, 392 F. App'x 868, 871-72 (Fed. Cir. 2010), *cert denied,* 131 S. Ct. 962 (2011)(affirming district court's dismissal of plaintiff's indirect infringement claim "because there was no direct infringer, as required by precedent."); *Ondeo,* 2002 WL 1458853, at *1 (dismissing defendant's counterclaim against plaintiff where defendant failed to allege another party's direct infringement); s*ee also e-LYNXX*, 2011 WL 3608642, at *6 (dismissing inducement claim when "catch-all" wording "fail[ed] to allege the requisite relationship between a defendant's sale of a product and a third party's directly infringing use of the product").

Although the Complaint generically alleges that Martin Lonky, BR Surgical, Frank, Burg, and Cestero induced their customers to infringe, it does not specify who the customers are or what actions the customers took to directly infringe the '044 patent. (Compl. ¶ 38).  The Patent contains both product and method claims and the Complaint does not distinguish what actions might directly infringe them.

- 17 -

MOTION TO DISMISS

For example, if SMR is alleging that Histologics' customers, distributors, or partners resell products and such actions constitute direct infringement, SMR must specifically plead this for each defendant that is alleged to indirectly infringe the patent.  Or, if SMR alleges that Histologics indirectly infringes because it provides products to customers that carry out the patented method, SMR must specifically plead these facts for each Defendant that allegedly supplies products to induce infringement of method claims.   With the number of named Defendants, they are entitled to specificity that would adequately put them on notice of what actions constitute indirect infringement.

### 3.    SMR Fails To Plead A Proper Claim For Inducement Under 35 U.S.C. § 271(b).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  Numerous district courts have held that *Twombly* and *Iqbal* apply to pleading claims for inducement and contributory infringement.[12]  The elements of a *prima facie* case of induced infringement are: "(1) a direct infringement by the induced party; (2) the inducer had knowledge of the asserted patent; (3) the inducer 'possessed specific intent [and] not merely ... knowledge of the acts alleged' to induce; and (4) active inducement of the direct infringement." *Air Vent*, 2011 WL 2601043, at *4 (*citing Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp. 2d 316, 323 (D. Del. 2004)); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). The Federal Circuit has stated that "[i]ntent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice." *Vita-Mix Corp.*, 581 F.3d at 1328 (*citing DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006) (en banc in relevant part)). "'The plaintiff has the burden of

---

[12] *See, e.g., IpVenture, Inc. v. Cellco P'ship*, No. C 10-04755, 2011 WL 207978, at *3 (N.D. Cal. Jan. 21, 2011); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 2:03-1329, 2010 WL 4070208, at *2-3 (E.D. Cal. Oct. 18, 2010); *AntiCancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010).

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.'" *DSU Med. Corp.*, 471 F.3d at 1304 (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990)). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *Id.* "[I]nducement requires 'that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Id.* at 1306 (internal quotation marks omitted) (quoting *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)). "Accordingly, inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 125 S. Ct. 2764, 2780 (2005)). "[A] complaint stating a claim for inducement must allege requisite knowledge and intent." *Xpoint Techs.*, 730 F. Supp. 2d at 356 (citation omitted).

SMR's Complaint does not plead a plausible claim for inducement to infringe. The Complaint merely alleges that "**on information and belief** [defendants] had prior knowledge of the '044 patent and continue to have, the specific intent to induce their customers to infringe the '044 Patent, and their customers do in fact infringe the '044 Patent, of which infringement they know or should have known." (Compl. ¶ 38) (emphasis added). This conclusory language without facts to show defendants had prior knowledge and specifically intended to induce their customers to infringe does not meet standards under *Iqbal* and *Twombly*.

Worse, the Complaint is devoid of any factual allegations about when each Defendant was put on notice of infringing acts, whether each Defendant actually knew that its alleged induced acts constituted patent infringement, or how each

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Defendant could have specifically intended to encourage infringement of the Patents. *See Minkus Electronia Display Sys., Inc. v. Adaptive Micro Sys. LLC,* 2011 WL 941197, at *3 & n.4 (D. Del. Mar. 16, 2011) (dismissing complaint where plaintiff "fail[ed] to allege sufficient facts" and "did not specify in its complaint how defendants were notified of their alleged infringement.").

In short, the Complaint should be dismissed for failure to plead the requisite knowledge and intent on the part of the defendant for indirect infringement. *See EON Corp. IP Holdings, LLC v. FLOTV, Inc.,*, 2011 WL 2708945, at *3 ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent."); *Air Vent, Inc.,* 2011 WL 2601043, at *4-*6 (granting motion to dismiss); *Pieczenik v. Abbott Labs.,* 2011 WL 1045347, at *7 (same); *Xpoint,* 730 F. Supp. 2d at 356 ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent."). Merely reciting the elements of knowledge and intent is insufficient to defeat a motion to dismiss -- SMR must plead *facts* sufficient to state a claim. *See Minkus,* 2011 WL 941197, at *3 (dismissing complaint that "resort[ed] to a mere recitation of the elements for indirect infringement, which is insufficient."); *Mallinckrodt,* 670 F. Supp. 2d at 354-55 ("the Court finds that Plaintiffs' Complaint fails to sufficiently allege the requisite intent and knowledge needed to state a claim for inducing infringement").

### 4. The Complaint Fails To State A Proper Claim For Contributory Infringement Under 35 U.S.C. § 271(c).

Similarly, a defendant is liable for contributory infringement only when it sells or imports a component of an infringing product, "knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C. § 271(c). The elements of a *prima facie* claim for contributory infringement are: "'(1) an offer to sell, sale, or import; (2) a component or material for use in a patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially

- 20 -

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

made or especially adapted for use in an infringement of such patent; and (4) the component is not a staple or article suitable for substantial noninfringing use.'" *Air Vent*, 2011 WL 2601043, at *5 (quoting *Oxford Gene Tech. Ltd. v. Mergen Ltd*., 345 F. Supp. 2d 444, 465 (D. Del. 2004)); *see also Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1320 (Fed. Cir. 2009); *In re Bill of Lading*, 695 F. Supp. 2d at 686.

A claim for contributory infringement requires direct infringement by a third-party.  *Air Vent*, 2011 WL 2601043, at *6 (citing *Mallinckrodt*, 670 F. Supp. 2d at 353).  "At a minimum, ... [a contributory infringement complaint] must allege that Defendants' products are 'especially designed' to be used by others to infringe, and that those products lack substantial noninfringing uses." *Id*. "Liability for contributory infringement requires 'a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing.'" *Mallinckrodt,* 670 F. Supp. 2d at 354-55 (quoting *Aro,* 377 U.S. at 488).  Thus, "an allegation of contributory infringement must also plead requisite knowledge of the patent-in-suit at the time of infringement."  *Eon Corp.,* 2011 WL 2708945, at *4; *Xpoint,* 730 F. Supp. 2d at 356 (same).

A complaint that fails to plead facts supporting each of these elements is subject to dismissal at the pleading stage.  *See, e.g., e-LYNXX*, 2011 WL 3608642, at *8 (dismissing complaint that failed to plead "specific factual averments" regarding a lack of substantial noninfringing uses); *Eon Corp*., 2011 WL 2708945, at *4 ("Without the requisite knowledge element, plaintiff fails to adequately state a claim of indirect infringement."); *Air Vent, Inc*., 2011 WL 2601043, at *5 ("After a careful review of the Complaint in this matter, the Court finds that it does not state the elements of a *prima facie* case of 'contributory infringement,' as defined in Section 271(c), nor does it allege facts that would support such a claim."); *Minkus*, 2011 WL 941197, at *3 (holding that "a mere recitation of the

MOTION TO DISMISS

elements for indirect infringement ... is insufficient" to state a claim for contributory infringement).

Here, the Complaint contains only non-specific, vague, group-based allegations that the Defendants "provide products, devices, systems and/or services that are especially made to be used, are intended to be used, and are in fact used by their customers, in a way that infringes that '044 Patent, and that have no substantial non-infringing uses." (Compl. ¶ 39).

SMR's contributory infringement claims against the Defendants fare no better than its claims for induced infringement.  SMR's allegations of contributory infringement consist of nothing more than the conclusory, naked statement that Defendants are "contributing"  to infringement.  (*See* Compl. ¶ 37.)  Nowhere in the Complaint does SMR:  (1) identify any "component or material for use in a patented process" that any Defendant has sold or offered to sell, (2) allege that any Defendant has knowledge that any such component "is especially made or especially adapted for use in an infringement" of the Patents, or (3) allege facts supporting the legal conclusion that "none of [Defendants'] services ha[ve] a substantial non-infringing use" (*id.*).  Once the Court strips away SMR's bare-bones "allegations that, because they are no more than conclusions, are not entitled to the assumption of truth" (*Santiago v. Warminster Twp.*, 629 F.3d 121 at 130 n.7), no remaining facts would support a contributory infringement claim against the Defendants.

### 5.    SMR Failed To State A Claim For Infringement Under 35 U.S.C. § 271(f).

SMR's Complaint has a single statement of infringement under 35 U.S.C. § 271(f).  *See* Compl. ¶ 37 ("Defendants have infringed and continue to infringe the '044 Patent by ... carrying out acts of infringement under 35 U.S.C. § 271(f). This statement, alone, does not adequately plead claims of infringement under Section 271(f).   35 U.S.C. Section 271(f) is directed to liability for patent infringement that occurs outside the United States by a party that supplies or

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 22 -

causes to be supplied from the U.S. components of a patented invention that are combined in a foreign country to carry out all the steps of a patented claim.   The statute has two components:

> (1)  Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

> (2)  Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

Section 271(f)(1) applies where the alleged infringer provides "all or a substantial portion of the components" of patented invention in a manner to "actively induce the combination of the components" outside the U.S. in a manner that would infringe if such combination took place in the U.S.  271(f)(2) applies where the accused infringer provides "any component" of a patented invention, "knowing" that such component is combined outside the U.S. in a manner that would infringe if such combination took place in the U.S.

SMR similarly failed to properly plead a claim for infringement under Section 271(f).  SMR has failed to identify which defendants have allegedly sent components of a patented invention abroad, what the components are, how they are combined, who combined them, and the result of the combination.  SMR likewise failed to plead the requisite facts to identify a third party that was "induced" to infringe under (f)(1) or how defendants had specific knowledge that a component was combined to infringe under (f)(2).  Accordingly, SMR has failed

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

MOTION TO DISMISS

to state a claim for infringement under Section 271(f) and the claim should be dismissed.

### 6. SMR Failed To State A Claim For Willful Infringement.

The Complaint makes a single allegation of willful infringement against all Defendants in paragraph 42: " SMR alleges on information and belief that [defendants'] infringement of the '044 Patent has been and continues to be willful and deliberate." This conclusory allegation for willful infringement is deficient as a matter of law and should be dismissed.

"[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (citing Fed. R. Civ. P. 8, 11(b)). Thus, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.* In *Seagate*, the Federal Circuit "abandon[ed] the affirmative duty of due care," holding that "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *In re Seagate*, 497 F.3d at 1371.  "In order to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objective likelihood that its actions constituted infringement of a valid patent." *Id.*

For a complaint to survive a motion to dismiss, it must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. District courts have routinely dismissed willful infringement charges that were purportedly based on facts that might be "learned in discovery." *Realtime Data LLC v. Stanley*, 2010 U.S. Dist. LEXIS 58049, at *17-18 (noting that "*Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway").[13]

---

[13] Other courts have held that a claim of willful infringement "on information and belief" is inadequate in the absence of supporting facts. *See, e.g., Btesh v. City of Maitland, Fla.*, 2010 WL

- 24 -

MOTION TO DISMISS

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Similarly, here, SMR's threadbare allegation of willful infringement, without stating any specific facts concerning defendants' alleged prior knowledge of the '044 patent and how Defendants' allegedly objectively and recklessly infringed the patent, and how they knew or should have known that their actions constituted infringement (the *Seagate* standard), does not adequately plead claims for willful infringement.  Accordingly, SMR's claim for willful infringement must be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Histologics respectfully requests that the Court grant this motion and dismiss SMR's Complaint in its entirety without leave to amend.

Dated: August 10, 2012          SNR DENTON US LLP


By  /s/ Arthur S. Beeman
          ARTHUR S. BEEMAN

Attorneys for Defendant
Histologics, LLC

30392435

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

497718, at *4 (M.D. Fla. 2010)).   Similarly, in *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, 2012 U.S. Dist. LEXIS 51650  (N.D. CA 2012), the court dismissed allegations for willful infringement, where the plaintiff's sole willful infringement allegation consisted of the statement:  "Within the last six years, [D]efendants ... were infringing [the '427 Patent].  (Compl. ¶ 6.)  The infringement by [D]efendants was willful, intentional and with conscious knowing disregard of [P]laintiffs' [sic] patent rights. (*Id.*  8.)."

MOTION TO DISMISS