O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0612 DOC (RNBx)                      Date: November 14, 2012

Title: SHARED MEDICAL RESOURCES, LLC V. HISTOLOGICS, LLC ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER VACATING COURT'S PREVIOUS ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION PURSUANT TO LOCAL RULE 79.5-1 FOR LEAVE TO FILE PRIVILEGED INFORMATION AND DOCUMENTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

         Before the Court are briefs filed in opposition to Shared Medical Resources, LLC's Ex Parte Application Pursuant to Local Rule 79.5-1 For Leave to File Privileged Information and Documents in Opposition to Defendant's Motion for Sanctions filed by Defendant Histologics, LLC ("Defendant") (Dkts. 58, 60). After reviewing the Ex Parte Application (Dkt. 61), Defendant's Response (Dkt. 58), Shared Medical Resources, LLC's Reply (Dkt. 59), Defendant's Sur-Reply (Dkt. 60) and other filings, the Court VACATES its previous order granting Plaintiff Shared Medical Resources, LLC's Ex Parte Application For Leave to File Privileged Information and Documents in Opposition to Defendant's Motion for Sanctions in Camera (Dkt. 62).[1]

         The Court also ORDERS Shared Medical Resources, LLC to re-file its Opposition to the Motion for Sanctions by November 26, 2012. Defendant's Reply shall be due on December 3, 2012.

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0612 DOC (RNBx)                         Date: November 14, 2012

                                                                                                      Page 2

## I.     Background

On October 12, 2012 Defendant filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the "Court's Inherent Authority" ("Motion for Sanctions") (Dkt. 50). On October 29, 2012 Plaintiff Shared Medical Resources, LLC ("Plaintiff") filed a redacted version of its Opposition (Dkt. 55) and on October 30, 2012, filed an Ex Parte Application Pursuant to Local Rule 79.5-1 for Leave to File Privileged Information and Documents in Opposition to Defendant's Motion for Sanctions in Camera ("Ex Parte Application") (Dkt. 61). Plaintiff sought to file in camera because its "Opposition and supporting papers contain confidential, attorney-client privilege, and work product information." Pl.'s App. (Dkt. 61) at 1. Plaintiff argues it is "critical for [it] to present this confidential and privileged information to the Court in connection with its Opposition because it shows that [it] did not engage in conduct that violates Rule 11 or any other conduct that would justify sanctions." *Id.* On October 31, 2012 this Court granted Plaintiff's request (Dkt. 62).

Prior to this Court granting Plaintiff's request however, Defendant filed a Response in Opposition to the Ex Parte Application (Dkt. 58) arguing that (1) Plaintiff "is attempting to block [Defendant] from evaluating the full opposition papers and supporting evidence" which is "improper and does not comport with the Local Rules" and (2) "[o]nce [Plaintiff] voluntarily filed privileged materials with the Court with the intent to rely on the materials to support its opposition arguments, [Plaintiff] waived its privilege." Def.'s Resp. (Dkt. 58) at 3. Plaintiff then filed its Reply (Dkt. 59) and Defendant filed its Sur-Reply (Dkt. 60). After the filings, this Court took the Motion for Sanctions under submission in order to review this issue (Dkt. 63).

Given that Defendant argues that Plaintiff impliedly waived any privilege that might have attached to the documents it submitted to the Court for in camera review, Defendant seeks an order requiring Plaintiff to provide full versions of its briefing, supporting declarations and evidence to it and its attorneys, or alternatively, an order requiring Plaintiff to file its privileged material under seal and provide copies to its counsel as "Attorneys Eyes Only." Def.'s Resp. (Dkt. 58) at 4–5.

## II.     Local Rules and Applicable Legal Principals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0612 DOC (RNBx)            Date: November 14, 2012
                                                                  Page 3

Local Rule 7-9 provides that "[e]ach opposing party shall . . . serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that the party will not oppose the motion." L. R. 7-9.

Local Rule 79-5.1 provides that "[e]xcept when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court." L. R. 79-5.1 (providing process to acquire court approval). If the party moving for the protective order can show that good cause exists to protect certain information from being disclosed, then the court may enter a protective order. *See, e.g., Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (explaining that a "good cause" showing will suffice to keep sealed records attached to non-dispositive motions); *Edwards v. County of Los Angeles*, No. CV 08-07428 GAF(SSx), 2009 WL 4707996 at *1–2 (C.D. Cal. Dec. 9, 2009). The moving party "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

However, under the "waiver-by-affirmative-reliance" doctrine,[2] a party impliedly waives any privilege that could possibly attach when it "affirmatively relies on privileged information." *See QBE Ins. Co. v. Jorda Enterprises Inc.*, No. 10-21107-CIV, 2012 WL 4089890 at *2 (S.D. Fla. Sept. 17, 2012). The doctrine "arises in both the attorney-client privilege and work-product doctrine scenarios, and both federal and state courts recognize the waiver-by-voluntary-disclosure." *Id.*; *Chiron Corp v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1186 (E.D.Cal. 2001) (waiver applied to both attorney-client and work-product material).

The waiver-by-affirmative-reliance doctrine "flows from a notion of fundamental fairness." *QBE Ins. Co.*, 2012 WL 4089890 at *2; *see also In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.*, 348 F.3d 16, 24 (1st Cir. 2003) ("Such waivers are almost invariably premised on fairness concerns."). One of the leading treatises on the attorney-client privilege and the work product doctrine explains "a litigant cannot at one and the same time place privileged matters into issue and also assert that

---

[2] The "waiver-by-affirmative reliance" doctrine is also known as "the waiver-by-affirmative-use" doctrine.

Case 8:12-cv-00612-DOC-RNB Document 67 Filed 11/14/12 Page 4 of 7 Page ID #:811

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0612 DOC (RNBx)                              Date: November 14, 2012
                                                              Page 4

what has been placed into issue nonetheless remains privileged and not subject to full discovery and exploration." Edna Selan Epstein, *The Attorney-Client Privilege and the Work Product Doctrine* 343 4th ed. (2001); *see also Chevron Corp v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and shield."). "If a party could use the privilege as both a sword and a shield, then the party could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *QBE Ins. Co.*, 2012 WL 4089890 at *2 (quoting *In re Keeper of Records*, 348 F.3d at 24 (internal quotation marks omitted)).

The Federal Rules of Evidence also recognize the waiver theory. *Id.* at *3. Federal Rule of Evidence 502(a) provides that "[w]hen the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

Waiver occurs at the time privileged material is actually and voluntarily disclosed. *See Tennenbaum v. Deloitte & Touche,* 77 F.3d 337, 341–42 (9th Cir. 1996). A party may stop the waiver-by affirmative-reliance doctrine from applying "by not voluntarily disclosing privileged information." *QBE Ins. Co.*, 2012 WL 4089890 at * 3.

### III.     Discussion

In opposition to Plaintiff's Ex Parte Application, Defendant argues: (1) Plaintiff "is attempting to block [Defendant] from evaluating the full opposition papers and supporting evidence" which is "improper and does not comport with the Local Rules" and (2) "[o]nce [Plaintiff] voluntarily filed privileged materials with the Court with the intent to rely on the materials to support its opposition arguments, [Plaintiff] waived its privilege." Def.'s Resp. (Dkt. 58) at 3. This Court finds that the course of action Plaintiff sought in its previously granted Ex Parte Application was improper given Local Rule 7-9 and the waiver-by-affirmative-reliance doctrine. Consequently, the Court VACATES its previous order granting Plaintiff's Ex Parte Application. However, because the intent to rely on privileged information does not trigger waiver, this Court declines to find that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0612 DOC (RNBx)            Date: November 14, 2012
                                                                                           Page 5

implied waiver has already occurred. Thus, the Court ORDERS new due dates for Plaintiff to re-file its Opposition brief, and for Defendant to file its Reply brief.

        **a. The 1993 Advisory Committee Notes to Rule 11 do not address the situation where the party opposing the Rule 11 motion affirmatively relies on the privileged materials, and puts its own privileged communications at issue**

        In support of its Ex Parte Application, Plaintiff relies heavily on the 1993 Advisory Committee Notes to Rule 11 which state in relevant part that Rule 11 "does not require a party or an attorney to disclose privileged communications or work product in order to show that the signing of the pleading, motion, or other paper is substantially justified. The provisions of Rule 26(c),[3] including appropriate orders after in camera inspection by the court, remain available to protect a party claiming privilege or work product protection." Fed. R. Civ. Pro. 11 Adv. Comm. Notes, 1993 Amend. The Notes further provide that Rule 11 Motions "should not be employed . . . to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine." *Id.*

        However, "this comment merely echoes a truism: a party is not **obligated** to disclose privileged information in a Rule 11 proceeding. Instead, it has the opportunity to decide *whether* to make such a disclosure." *QBE Ins. Co.*, 2012 WL 4089890 at * 3 (emphasis supplied); *see also ICU Med., Inc. v. Alaris Med. Sys., Inc.*, No. SACV 04-00689 MRP (VBKx), 2007 WL 6137003 at *12 (C.D. Cal. Apr. 16, 2007) (noting that party "was not required to reveal privileged material . . . in opposing the Rule 11 Motion"). Once a litigant decides to affirmatively rely on privileged information thereby placing said information into issue, however, any privilege that may attach is impliedly waived. *QBE Ins. Co.*, 2012 WL 4089890 at *2.

        **b. Given Local Rule 7-9 and that Plaintiff seeks to both rely on privileged materials and claim the privilege is still intact, this Court's previous order granting Plaintiff's Ex Parte Application**

---

[3] Rule 26(c) of the Federal Rules of Civil Procedure concerns protective orders and provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ." *See* Fed. R. Civ. P. 26(c)(1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0612 DOC (RNBx)                  Date: November 14, 2012

Page 6

---

**was in error. However, this Court declines to find that implied waiver has already occurred.**

In defending itself against Defendant's Motion for Sanctions, Plaintiff desires to both rely on privileged material as well as keep the privilege intact by filing a full version of its Opposition and all supporting documents in camera. *See* Pl.'s Ex Parte App. (Dkt. 61). Plaintiff's desired course of action is improper given Local Rule 7-9 which requires parties to provide a "complete memorandum which shall contain a statement of *all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely*," and given the waiver-by-affirmative-reliance doctrine which would waive any privilege that would possibly attach to the materials Plaintiff relies upon in defending itself. L. R. 7-9 (emphasis added). Thus, this Court's previous order granting Plaintiff's Ex Parte Application was in error. Consequently, this Court VACATES its previous order granting Plaintiff's Ex Parte Application (Dkt. 62).

However, this Court declines to find that waiver has already occurred and Plaintiff should therefore provide the materials to opposing counsel. As noted above, Defendant argues that "[o]nce [Plaintiff] voluntarily filed privileged materials with the Court with the intent to rely on the materials to support its opposition arguments, [Plaintiff] waived its privilege." Def.'s Resp. (Dkt. 58) at 3. However, "intent" to rely on materials does not trigger waiver; "*actual* voluntary disclosure . . . is the waiver triggering event." *QBE Ins. Co.*, 2012 WL 4089890 at *3 (citing *Tennenbaum*, 77 F.3d at 341–42) (emphasis supplied). This Court declines to find that filing privileged documents in connection with an application to file pursuant to Local Rule 79-5.1 amounts to disclosure. Given that this Court erroneously granted Plaintiff's Ex Parte Application, new due dates will be set for Plaintiff's Opposition brief, as well as Defendant's Reply brief in order to return the parties to their respective positions prior to the error.

       **c. If Plaintiff decides to affirmatively rely on privileged information, the scope of the implied waiver generated will depend upon whether the information is privileged attorney-client information, or privileged work-product**

If Plaintiff does decide to rely on attorney-client privileged information in its Opposition, then it will have generated a waiver applicable to all other attorney-client communications relating to the same subject matter. *QBE Ins. Co.*, 2012 WL 4089890 at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0612 DOC (RNBx)　　　　　　　　　　　　Date: November 14, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

---

* 5 (citing *Fort James Corp. v. Solo Cup Co.,* 412 F. 3d 1340, 1349 (Fed. Cir. 2005)). However, if Plaintiff decides to affirmatively rely on privileged work-product, then it will have not have generated a broad waiver, but rather one of all "factual" or "non-opinion" work-product related to the same subject matter. *Id.* (citing *In re EchoStar Comm'ns Corp.*, 448 F. 3d 1294, 1301-1303 (Fed. Cir. 2006)).

### IV.　Disposition

　　For the foregoing reasons, the Court VACATES its previous order granting Plaintiff's Ex Parte Application for Leave to File Privileged Information and Documents in Opposition to Defendant's Motion for Sanctions in Camera (Dkt. 62).

　　The Court also ORDERS Plaintiff to re-file its Opposition to the Motion for Sanctions by November 26, 2012. Defendant's Reply shall be due on December 3, 2012.

　　As the Motion for Sanctions is already under submission (Dkt. 63), it will remain under submission after the parties file their briefs.

　　The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: jcb