Tyson K. Hottinger (California State Bar No. 253221)
    E-mail: thottinger@mgiip.com
Maschoff Gilmore & Israelsen
8001 Irvine Center Dr., Suite 430
Irvine, CA 92618
Telephone: (949) 754-2814
Facsimile: (949) 754-4001

C.J. Veverka (Utah State Bar No. 7110; Admitted *Pro Hac Vice*)
    E-mail: cveverka@mgiip.com
Kirk R. Harris (Utah State Bar No. 10221; Admitted *Pro Hac Vice*)
    E-mail: kharris@mgiip.com
Maschoff Gilmore & Israelsen
1441 West Ute Blvd., Suite 1000
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Attorneys for Plaintiff, Shared Medical Resources, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARED MEDICAL RESOURCES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HISTOLOGICS, LLC, et al.,<br><br>Defendants. | Case No.: SACV12-612 DOC (RNBx)<br><br>**PLAINTIFF SHARED MEDICAL RESOURCES, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT HISTOLOGICS LLC'S MOTION FOR SANCTIONS** |

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................. 1

II.  RELEVANT FACTS AND PROCEDURAL HISTORY ................................. 2

III.  ARGUMENT .................................................................. 5

    A.    Sanctions Against SMR Under Rule 11 Are Not Warranted ...................... 5

        1.    The Standard For Sanctions Under Rule 11. ...................... 5

        2.    Histologics Failed To Satisfy The Procedural Requirements Of Rule 11. .................................................................. 7

        3.    SMR Complied With Rule 11 In Bringing This Action. ................. 10

        1.    The Standard For Sanctions Under 28 U.S.C. § 1927. .................... 16

        2.    SMR's Conduct In Maintaining This Action Does Not Constitute Recklessness or Bad Faith. .............................. 17

    C.    Sanctions Under The Court's Inherent Authority Are Not Justified. ......... 21

        1.    The Standard For Sanctions Under The Court's Inherent Authority. ................................................................. 21

        2.    SMR Has Not Conducted Itself In Bad Faith. ................. 22

    D.  Rule 11 Sanctions Against Histologics Are Proper. ........................ 22

IV.  CONCLUSION ................................................................. 23

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

# TABLE OF AUTHORITIES

## **CASES**

11 U.S.C. § 547.................................................................................................................... 13

28 U.S.C. § 1927 .................................................................................................. 16, 17, 21, 23

*Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir.1998) ...................................................... 7

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991)............................................................. 21

*Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988)........................... 16

*DevTech Marketing, Inc. v. Westfalia-Surge, Inc.*, 2005 WL 6287929 at *20 (C.D. Cal. April 19, 2005) ................................................................................................................... 16, 17

*Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467−68 (Fed. Cir. 1998) .................... 11

Fed. R. Civ. P. 11 ...................................................................................... 6, 10, 14, 23

*Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) ........................................................... 17

*Gidding v. Anderson*, 2009 WL 1631625 (N.D. Cal. June 9, 2009)..................................... 7, 8

*Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir.1987) .......................................................... 14

*Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) ................................................ 6, 7, 10

*In re Keegan Mgmt. Co., Securities Litigation*, 78 F. 3d 431, 435 (9th Cir. 1996) ........... 5, 16, 17, 18, 22

*Merial Ltd. v. Intervet, Inc.*, 437 F.Supp.2d 1332, 1334 (N.D. Georgia 2006) ...................... 21

*MetLife Bank, N.A. v. Riley*, 2010 WL 4024898 at *3 (D. Nev. Oct. 13, 2010)..................... 7, 8

*Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir.1996)............................................. 6

*Ochoa v. Trek Bicycle Corp.*, 2011 WL 13527 at *2 (D. Ariz. Jan. 4, 2011)................... 10, 20

*Operating Eng'rs Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir.1988)........... 5

Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001)........................................ 23

*Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 1997 (9th Cir. 1997) ................... 18

*Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788-89 (9th Cir.2001)................................ 7

*Roth v. Green*, 466 F.3d 1179 (10th Cir. 2006) ................................................................ 7

*Strom v. U.S.*, 641 F.3d 1051, 1059 (9th Cir. 2011) ......................................................... 10

*Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)................................... 6, 10

*Truesdell v. So. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002)................................. 6

*TXCAT v. Phoenix Group Metals, LLC*, 2010 WL 5186824 (S.D. Tex. Dec. 14, 2010)......................... 15

*U.S. Phillips Corp v. KXD Tech., Inc*., 2007 WL 4984150 at *5(C.D. Cal. Sept. 7, 2007) .............. 16, 17

*Yack v. Washington Mut. Inc.*, 2008 WL 3842918 at *3 (N.D. Cal. Aug. 14, 2008) ...................... 5, 6, 14

*Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir.1993) ................................................................ 22

## **RULES**

Fᴇᴅ. R. Cɪᴠ. P. 11 ........................................................................................................ 7, 11, 15, 16, 24

11 U.S.C. § 547.................................................................................................................................. 15

28 U.S.C. § 1927.............................................................................................................. 17, 18, 22, 24

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

## I.    INTRODUCTION

Defendant Histologics LLC ("Histologics") filed the Present Motion for sanctions without any factual or procedural foundation.  Plaintiff Shared Medical Resources LLC ("SMR") identified these preclusive flaws to Histologics, warning that Histologics' intention to file its ill-conceived motion would, itself, be sanctionable.  Despite this admonition, Histologics subsequently filed the Present Motion.

More specifically, Histologics' motion is premised on two assumptions.  It contends that, at the time SMR initiated this action, (1) SMR knew it did not have standing to sue and (2) SMR knew that the co-owner of the asserted patent (CDx Laboratories, Inc. ("CDx")) was involved in litigation with a creditor, including a state court action and bankruptcy proceeding in New York.  Before Histologics filed its motion, this Court expressly rejected Histologics first argument.  Specifically, the Court acknowledged SMR's Constitutional standing to bring the present action.  As to Histologics' second argument, SMR indicated on several occasions that it was unaware of the litigation (including the bankruptcy proceeding) between CDx and its creditor before SMR brought this law suit.  Histologics ignores these facts and, instead, asserts that SMR and its counsel are lying about their lack of knowledge.

In addition to these factual flaws, Histologics' motion is procedurally defective for two reasons.  First, the Rule 11 motion Histologics filed is substantially different from the motion is served on SMR to initiate the Rule 11 safe harbor period.  Both Rule 11 and legions of case law preclude this practice.  Also, the Court dismissed and stayed this case

1

before the conclusion of the Rule 11 safe harbor period, thereby, removing Histologics'

procedural authority to file its motion.  Again, notwithstanding these known defects,

Histologics demands that both the Court and SMR address Histologics' baseless claims.

SMR submits that it is Histologics' manipulation of Rule 11 and the Court's valuable

judicial resources that is sanctionable, not any conduct by SMR.

## II.  RELEVANT FACTS AND PROCEDURAL HISTORY

United States Patent No. 6,258,044 ("the '044 patent") was filed on July 23, 1999

and claims priority to a provisional application that was filed on July 23, 1998.  The

inventors listed on the face of the '044 patent are defendant Neal M. Lonky and Jeremy

James Michael Papadopoulos.  Defendant Neal Lonky is an inventor of the '044 patent

and co-founded, with his brother Martin Lonky, the Trylon Corporation.  (*See* Exh. 2 to

Defendant's Motion to Dismiss [Dkt. No. 13], Decl. Neal Lonky ¶ 6.)  This company

acquired all right, title, and interest in and to the '044 patent on January 19, 2001.  (*See*

Declaration of Gregory E. Jolley ["Jolley Decl."], at Exh. 1.)  In 2003, Trylon acquired a

loan from Pacific Republic Capital, LLC ("PRC") and secured the loan with collateral,

including the '044 patent.  In 2005, plaintiff SMR acquired all right, title, and interest in

and to PRC's loan and security agreement with Trylon.  Shortly thereafter, Trylon

defaulted on its loan and SMR acquired all right title and interest in and to the '044 patent

from Trylon (and its founders Neal and Martin Lonky) through an assignment dated

March 18, 2006.  (Jolley Decl. at Exh. 2.)  On April 18, 2006, SMR granted an equal and

undivided joint interest in the '044 patent to a third party, CDx.  Pursuant to this grant,

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

SMR and CDx entered into a co-ownership agreement, which among other rights, granted each party an exclusive field of use for the '044 patent and granted SMR the unilateral right to sue for patent infringement in the event that CDx refused to do so.  (Jolley Decl. at ¶11.)  After SMR acquired the '044 patent and other assets from Trylon, it began its business of marketing and selling the SpiraBrush CX, an endocervical minimally invasive biopsy device.  SMR became aware that Neal and Martin Lonky started a new company, defendant Histologics, that markets and sells a device that infringes the '044 patent.  (*See* Complaint [Dkt No.1].)    After providing the requisite notice to CDx pursuant to the co-ownership agreement, SMR initiated this action on April 19, 2012.  (Jolley Decl., Ex. 8.)  However, prior to initiating this lawsuit, SMR's review of the USPTO's assignment database revealed a purported assignment of CDx's rights in the '044 patent to the Goldstein Family Partnership, L.P. ("Goldstein") on September 26, 2011.  (Jolley Decl. at ¶ 4.)  Thus, out of an abundance of caution, prior to filing the lawsuit to stop Histologics' blatant infringement, SMR contacted Goldstein and informed Goldstein of Histologics' infringement and SMR's intention to file suit against Histologics for, *inter alia*, infringement of the '044 patent.  In correspondence with CDx and Goldstein, SMR informed both parties that the rightful co-owner would need to eventually join with SMR in the action against Histologics and the other named defendants.  (Jolley Decl. at Exhs. 3-8.)  At that time, neither party agreed to join voluntarily.  Thus, because SMR's Co-Ownership Agreement gives each party the unilateral right to sue, SMR could force its co-owner(s) to join the lawsuit by filing a motion to join under Rule 19 of the Federal

3

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

Rules of Civil Procedure.  In order to curb the immediate harm to SMR by Histologics' continued infringement, SMR filed suit, having Constitutional standing to do so, with the intention of filing a Rule 19 joinder motion to join CDx and/or Goldstein.  ***At no time prior to filing the current lawsuit did either CDx or Goldstein mention, or otherwise indicate to SMR, that they were adverse parties in a New York state court action and a bankruptcy proceeding*, *nor did SMR suspect or have any reason to believe that either CDx or Goldstein were involved in such actions.***  (Jolley Decl. at ¶¶ 3, 8.)

After filing its complaint, SMR learned of the forced bankruptcy proceeding filed against CDx.  (Jolley Decl. at ¶ 8.)   Shortly thereafter, CDx engaged bankruptcy counsel to review the court docket for the CDx bankruptcy.  (Jolley Decl. at ¶ 9.)   SMR's bankruptcy counsel's review of the bankruptcy court docket revealed that it did not include a schedule of assets and that no motion was filed with the bankruptcy court pursuant to 11 U.S.C. § 547 to void the assignment between CDx and Goldstein, which had occurred two months prior to the initiation of the bankruptcy proceeding.  (*See* Declaration of Ted Cundick ["Cundick Decl."] at ¶¶ 2-8.)   On August 31, 2012, after learning of the bankruptcy proceeding involving CDx and Goldstein, and being unable to determine from the bankruptcy court records if the '044 patent was subject to the automatic stay as a bankruptcy asset, SMR filed its Notice of CDx's Bankruptcy Proceedings.  (Dkt. No. 33.)

On September 14, 2012, Histologics served a draft Rule 11 Motion on SMR. (Jolley Decl. at Exh. 9.)  On October 1, 2012, the Court granted Histologics' Motion to

dismiss without prejudice and stayed the remaining claims pending the outcome of the bankruptcy proceeding.  (Dkt. No. 45.)  On October 4, 2012, SMR responded to Histologics' threatened Rule 11 motion by letter, explaining that SMR had a Rule 11 basis to file this lawsuit.  (Jolley Decl. at Exh. 10.)  Additionally, in its October 4 letter, SMR explained that it had contacted both CDx and Goldstein prior to filing suit, but was not informed of the pending bankruptcy action.  (*Id.*)  SMR further explained that the Rule 11 motion had no merit and that if Histologics filed the motion SMR would seek sanctions for its costs and fees associated with responding to Histologics' ill-conceived motion that would be filed in bad faith.  (*Id.*)  Despite the foregoing, Histologics filed its instant Motion for sanctions under Rule 11, 28 U.S.C. § 1927 and the Court's inherent authority.

## III.   ARGUMENT

### A.   Sanctions Against SMR Under Rule 11 Are Not Warranted

#### 1.   *The Standard For Sanctions Under Rule 11.*

Under Ninth Circuit law, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir.1988); *Yack v. Washington Mut. Inc.*, 2008 WL 3842918 at *3 (N.D. Cal. Aug. 14, 2008).  "Rule 11 must be read not only to give effect to the Rule's central deterrent goals, but also in light of the concerns that it will spawn satellite litigation and chill vigorous activity." *In re Keegan Mgmt. Co., Securities Litigation*, 78 F. 3d 431, 435 (9th Cir. 1996).  The requisite factual investigation required under Rule 11 is an inquiry

reasonable under all the circumstances of a case.  *See* FED. R. CIV. P. 11; *Yack*, 2008 WL

3842918 at \*3.  The Ninth Circuit has established that sanctions may be imposed under

Rule 11 if either: a) a paper is filed for an improper purpose, or b) the paper is frivolous.

*Townsend v. Holman Consulting Corp*., 929 F.2d 1358, 1362 (9th Cir. 1990).  The Ninth

Circuit uses the word "frivolous" to denote a filing that is both baseless and made without

a reasonable and competent inquiry.  *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th

Cir.1996).

Rule 11(c) outlines the process by which attorneys may seek sanctions for

violations of Rule 11(b).  Section (c) specifically provides for a safe harbor provision

wherein "[t]he motion must be served [on the opposing party] under Rule 5, but it must

not be filed or be presented to the court if the challenged paper, claim, defense,

contention, or denial is withdrawn or appropriately corrected within 21 days after service

. . ."  FED. R. CIV. P. 11(c).  In stressing the importance of the this safe harbor provision,

the 1993 Committee Notes for Rule 11 state that the purpose of the safe harbor provision

is "[t]o stress the seriousness of a motion for sanctions and to *define precisely* the conduct

claimed to violate the rule."  FED. R. CIV. P. 11 Adv. Comm. Notes, 1993 Amend

(emphasis added).  The Ninth Circuit strictly construes the procedural requirements of the

safe harbor provision outlined in Rule 11(c).  *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th

Cir. 2005).  Moreover, the Ninth Circuit requires that, "[t]he movant serves the allegedly

offending party with a filing-ready motion as notice that it plans to seek sanctions."

*Truesdell v. So. Cal. Permanente Med. Grp*., 293 F.3d 1146, 1151 (9th Cir. 2002).

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

Notably, under the condition of serving "filing-ready" Rule 11 motions, courts have found that a failure to serve a copy of the full motion that will be filed with the Court does not satisfy the safe harbor provision. *Gidding v. Anderson*, 2009 WL 1631625 (N.D. Cal. June 9, 2009) (denying defendant's Rule 11 motion because defendants filed with the Court a motion that includes a memorandum of points and authorities, supporting declarations and exhibits that defendants did not serve at the outset of the safe harbor provision); *MetLife Bank, N.A. v. Riley*, 2010 WL 4024898 at *3 (D. Nev. Oct. 13, 2010) (stating that under Ninth Circuit case law "[g]iven the detrimental effect that such a ruling would have on plaintiff's case, plaintiff deserved the benefit of consideration of a complete motion for sanctions for the twenty-one day safe harbor period."); *Roth v. Green*, 466 F.3d 1179 (10th Cir. 2006) (finding that Rule 11 requires service of the actual motion).

     2.   *Histologics Failed To Satisfy The Procedural Requirements Of Rule 11.*

The Ninth Circuit strictly construes these procedural requirements of Rule 11. *See Holgate*, 425 F.3d at 677; *Radcliffe v. Rainbow Const. Co*., 254 F.3d 772, 788-89 (9th Cir. 2001); *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir.1998) (reversing award of Rule 11 sanctions where the party failed to comply with the safe harbor provisions, even when the underlying filing was frivolous). Despite this, Histologics served an incomplete motion on SMR and then proceeded to file a different motion with this Court raising new and different arguments to advance its theory of Rule 11 sanctions. First, Histologics' Motion for Sanctions asserts that the Motion and Memorandum that it presented to this

7

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

Court on October 12, 2012 ("Filed Motion" or "Present Motion" [Dkt. No. 50]) was the same motion served on SMR under Rule 11 on September 14, 2012 ("Served Motion" attached to the Jolley Decl. at Exh. 9).  (Filed Motion at 3, pp. 16–17.)  Even a cursory review of the Served Motion and Filed Motion rebuts this assertion.

The Served Motion was incomplete as it referenced declarations and/or exhibits *that were not served on SMR*.  As such, Histologics' Served Motion was not file-ready. *Gidding*, 2009 WL 1631625 at *1 (denying sanctions for defendants failure to serve a copy of the "full motion that will be filed with the Court."); *MetLife Bank*, 2010 WL 4024898 at *3 (denying sanctions where defendant served an unsigned motion absent declarations referenced throughout the motion.)   Nor did the Served Motion present a complete motion for SMR's consideration much less the actual motion that Histologics filed.   Namely, the Filed Motion raises new legal and factual arguments to support its request for Rule 11 sanctions.  The Served Motion contains only two arguments in support of Rule 11 sanctions: A) CDx's pending bankruptcy proceeding makes SMR's standing to sue in this case a legal impossibility and B) that SMR allegedly violated Rule 11 by filing a baseless complaint and by failing to disclose crucial facts to the Court. (Jolley Decl. at Exh. 9, p. 6, pp. 9–10; 7, pp. 17–18.)  Under the first argument, Histologics asserted that:

> Without the correct parties in this lawsuit, SMR has no standing to maintain this action and knew or should have known this fact before filing the lawsuit.  SMR has clearly violated Rule 11 not to mention countless other ethical rules, by filing this lawsuit without standing and by using the filing of the complaint as a means

to harass and defame Histologics and individual defendants in the market and cast a show over their legitimate business.

(*Id.* at p. 7.)

With the above, Histologics argued that the ongoing bankruptcy action involving CDx prevented SMR from naming the co-owner in this suit, thereby making standing impossible.  But, also by this statement, Histologics failed to acknowledge a critical distinction recognized by case law and expressly by this Court, *i.e.*, the distinction  between Constitutional and prudential standing.  (*Id.* at 6–7; Order at 3.)  Under the second argument, Histologics asserted that SMR either "intentionally or negligently omitted crucial facts concerning the question of ownership of the '044 patent and the fact that this patent is in the center of several legal proceedings," and further that:

> In failing to disclose or at best failing to discover these crucial facts, SMR has violated Rule 11 by filing an untenable lawsuit and concealing from the Court and the parties that it proceeded without standing to sue while the ownership in the '044 patent remains in flux.

(*Id.* at p. 8.)  Yet, Histologics' Filed Motion asserts new factual and legal arguments with respect to SMR's alleged intentions, alleged recklessness, and alleged negligence, including what SMR "should have" discovered and "should have" inquired into.  (Filed Motion at 18–23.)

Further, the Argument section of Histologics' Served Motion cites five cases in support of the argument that SMR's standing to sue is a "legal impossibility" (Histologics cites to no cases in support of its argument that SMR filed a "baseless

9

complaint"). (Jolley Decl. at Exh. 9, pp. 6–7.) However, these five cases do not once appear in Histologics' Filed Motion as Histologics apparently chose to abandon this argument. If the purpose of the safe harbor provision is to serve a motion that defines "precisely the conduct claimed to violate the rule," Histologics' Filed Motion itself demonstrates the inadequacy of its Served Motion. *See* FED. R. CIV. P. 11 Adv. Comm. Notes, 1993 Amend. As such, Histologics' request for sanctions under Rule 11 must be denied for its procedural failures in serving a motion that was not file-ready and filing a motion that was significantly different from its served motion.

> 3. *SMR Complied With Rule 11 In Bringing This Action.*

Contrary to Histologics' arguments, SMR has complied with letter of Rule 11. The Supreme Court and the Ninth Circuit have recognized that "Rule 11 sets a low bar." *Strom v. U.S.*, 641 F.3d 1051, 1059 (9th Cir. 2011); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Holgate*, 425 F.3d at 676 (9th Cir. 2005). Further, under the frivolousness prong of Rule 11, the Court must determine, from an objective approach, whether the accused filing is both baseless and made without a reasonable and competent inquiry. *Townsend*, 929 F.3d at 1362. Histologics argues that SMR failed to conduct a reasonable pre-filing investigation and, as a result, filed a "legally untenable lawsuit that should not have been brought in the first instance." (Filed Motion at 17–18.) In support of this conclusion, Histologics first asserts that a reasonably competent attorney would investigate the threshold issue of standing before filing suit. (*Id.* at 18.) Second, Histologics asserts that SMR and its lawyers were negligent in filing suit

because: 1) SMR and its lawyers knew or should have known that to bring suit, all patent co-owners would have to be joined, and 2) a reasonable attorney that was in discussions with Goldstein and CDx prior to filing suit would have discovered that these parties were embroiled in ownership disputes over the '044 patent. (*Id*. at 20–22.)

Despite Histologics' posturing, its misstatement of the law and incorrect assertions as to SMR's intentions and knowledge, SMR's pre-filing investigation was reasonable. Simply put, Histologics has not provided a shred of evidence (only attorney argument and incorrect statements of fact) that SMR and its attorneys violated Rule 11.  Moreover, Histologics has continued to misconstrue the law in asserting that SMR was required to obtain prudential standing from the outset of this litigation and completely side-steps the fact that an unwilling co-owner may be joined under Federal Rule of Civil Procedure 19 where a co-ownership agreement provides for a unilateral right to sue.

To begin, the law on Constitutional and prudential standing is clear.  The Court's October 1, 2012 Order granting Histologics Motion to Dismiss found that SMR has constitutional standing.  (Order at 3.)  In addressing prudential standing, the Court stated that prudential standing "depends on the type and substance of the rights held by the party enforcing the patent." (*Id*.)  Where a patent is co-owned, the general rule is that all co-owners must ordinarily consent to join as plaintiffs in an infringement suit; however, where co-owners have granted each other a unilateral right to sue, each has waived his right not to join an infringement suit, and either of them can force the other to join suit. *Ethicon, Inc. v. U.S. Surgical Corp*., 135 F.3d 1456, 1467–68 (Fed. Cir. 1998).  The '044

patent co-ownership agreement between SMR and CDx provides for the unilateral right

to sue pursuant to Section 9.  (Jolley Decl. at ¶11.)  Section 9 grants the following rights:

> If either Party becomes aware of any potential or actual infringement in the SMR
> Exclusive Field of Use or the CDx Exclusive Field of Use, it shall promptly
> inform the other Party of such infringement . . . Subject to the provisions of this
> Section 9, CDx shall hold the exclusive right and obligation to enforce and defend
> that Patent in the SMR Exclusive Field of Use, as well as the CDx Exclusive
> Field of Use . . . If CDx fails or will fail to take any such action with respect to
> any potential or actual infringement of the Patents, and such failure adversely
> affects or will adversely affect SMR's rights, then SMR, after written notice to
> CDx, may reasonably take such action and will be reimbursed by CDx for the
> costs incurred.

(*Id.*)

After becoming aware of Histologics' infringement of the '044 patent, SMR

contacted CDx to provide notice and request that it initiate an action for infringement or

join suit with SMR pursuant to Section 9.  (Jolley Decl. at ¶ 2.)  Over the course of

discussions with CDx, wherein CDx ultimately declined to initiate suit itself, CDx did not

address, much less mention, the New York state lawsuit it had initiated against Goldstein

nor the bankruptcy proceeding to which it was a party.  (*Id.*)

Before initiating its lawsuit, SMR reviewed USPTO records, including assignment

records, for the '044 patent.  Through this review, SMR noted the purported assignment

filed by Goldstein and thereafter contacted Goldstein to inquire as to the recorded

assignment and alert Goldstein of SMR's intention to file suit. (*Id.* at ¶ 4-5.)  During

these discussions, Goldstein never mentioned the New York  state court action to which it

was named as a defendant or the bankruptcy proceeding.  (*Id.*)   In the meantime, SMR

was acutely aware of Histologics' unabashed infringement of the '044 patent.  (Jolley Decl. at ¶ 7.)

In proceeding to file suit, SMR was certain that it had Constitutional standing to initiate the complaint and could force CDx and/or Goldstein to join suit under Rule 19 as Goldstein would have taken any interest in the '044 patent subject to the Co-Ownership Agreement.   After filing the lawsuit, SMR learned of the forced CDx bankruptcy. (Jolley Decl. at ¶ 8.)  Shortly thereafter, SMR hired local bankruptcy counsel to review the bankruptcy court docket.  (*Id*. at ¶ 9.)  Upon review of the bankruptcy docket, it was determined that a schedule of bankruptcy assets had yet to be filed and that there was not any record of any party filing a motion to avoid, pursuant to 11 U.S.C. § 547 or any other bankruptcy code section, the purported assignment of CDx's interests in the '044 patent to Goldstein.  (Cundick Decl. at ¶¶ 2-8.)  Notably, the purported transfer of CDx's patent interests to Goldstein occurred two months prior to the initiation of the bankruptcy proceeding.  (*See* Exhs. 2–3 to Filed Motion.)   Pursuant to 11 U.S.C. § 547, a transfer occurring within 90 days of filing the bankruptcy petition may be avoided as preferential by the trustee upon the filing of a motion with the court.  11 U.S.C. § 547.  However, no such motion has been filed, thereby muddying the issue of whether the '044 patent is actually part of CDx's bankruptcy estate.  Despite the lack of conclusive evidence whether the '044 patent was or was not part of CDx's bankruptcy estate, SMR decided to err on the side of caution and promptly filed its Notice of CDx's Bankruptcy with this Court.

Contrary to Histologics' false assertions of fact that SMR knew of the bankruptcy or New York State Court actions prior to filing suit, SMR had no knowledge at the time it filed the complaint and certainly no indication from either CDx or Goldstein that these parties were involved in litigation.  After learning of the bankruptcy proceeding, SMR promptly notified the Court.  Histologics has not, and cannot, cite to case law that would require SMR to comb through the records of every state or bankruptcy court to verify CDx's or Goldstein's litigation status or that a failure to do so negligently or recklessly violates Rule 11.

In fact, the Northern District of California has denied a defendant's motion for Rule 11 sanctions on a similar set of facts.  *Yack*, 2008 WL 3842918 at *3.  In *Yack*, counsel for the plaintiffs filed an amended complaint without knowing that *their own clients* had filed for bankruptcy and as such did not know that the claims asserted belonged to the bankruptcy estate.  2008 WL 3842918 at *3.  In requesting Rule 11 sanctions, the defendant argued that a competent lawyer would have inquired of its own client before filing a complaint whether a client's claims had been discharged in bankruptcy.  *Id*.  In response, the court denied the defendant's motion and stated that "no authority was provided for a finding that a failure to inquire is either malpractice or sanctionable."  *Id*.  Further, the court held that the wisdom of hindsight should be avoided in evaluating a reasonable inquiry.  *Id*. at *4 (citing to *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987)).  Yet, instead of these facts, Histologics' arguments are based only

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

on its own speculative observations made in hindsight as to what SMR should have done or should have discovered.

Turning to Histologics' equally flawed arguments regarding prudential standing, it is clear that SMR has not violated any Rule 11 principle.  The Court's Order dated October 1, 2012 cites to Federal Circuit case law for the rule that "[i]f prudential standing is lacking at the time an infringement suit is filed, it may be cured, for example, by adding an indispensable party." (Order at 3.)  As this Court acknowledged in its Order, SMR initiated this suit with Constitutional standing and SMR has shown that it would have perfected prudential standing absent the bankruptcy.  (Order at 3.)

The single case upon which Histologics relies to support its argument that SMR's lack of prudential standing is deserving of Rule 11 sanctions is an unpublished decision from the Southern District of Texas.  *TXCAT v. Phoenix Group Metals, LLC*, 2010 WL 5186824 (S.D. Tex. Dec. 14, 2010).  Not only is this case not binding on this Court it is distinguishable.  First, as a diversity action in federal court, the standing issue was decided on state substantive law grounds.  *Id*.  Second, *TXCAT* was an action for libel, business disparagement, tortious interference with prospective business relations and tortious interference with existing contracts—standing under the patent laws was not at issue.  *Id*.  Third, at the time Plaintiff initiated the action it did not legally exist as a business entity and therefore did not and could not have suffered any injury as a matter of Texas law.  *Id*.  Fourth, the court found because the Plaintiff was not incorporated at the time it filed suit it had no standing even to *initiate* the complaint.  *Id*.  Clearly, the issue in

*TXCAT* was one of *Constitutional standing* as the plaintiff had no right to initiate the complaint.  Yet, this Court has already determined that SMR had Constitutional standing to initiate the complaint.  (Order at 3.)

**B.    Sanctions Under 28 U.S.C. § 1927 Are Not Warranted.**

       *1.    The Standard For Sanctions Under 28 U.S.C. § 1927.*

28 U.S.C. § 1972 provides in pertinent part that:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously mat be required by the court to satisfy personally the excess costs, expenses, and attorney' fees reasonably incurred because of such conduct.

"Because the section authorizes sanctions only for the multiplication of proceedings, it applies only to unnecessary filings and tactics once a lawsuit has begun."  *In re Keegan*, 78 F.3d at 435; *DevTech Marketing, Inc. v. Westfalia-Surge, Inc.*, 2005 WL 6287929 at *20 (C.D. Cal. April 19, 2005) ("Costs may be imposed under Section 1927 only to sanction needless delay.").  As such, the Ninth Circuit has held that Section 1927 cannot be applied to an initial pleading.  *In re Keegan*, 78 F.3d at 435; *see also Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988) ("For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on.").  The Central District of California has stated that the, "Power to assess costs against an attorney under Section 1927 is one that must be strictly construed and utilized only in instances evidencing serious and standard disregard for orderly process of justice."  *DevTech Marketing*, 2005 WL 6287929 at *20; *U.S. Phillips Corp v. KXD Tech., Inc.*, 2007 WL 4984150 at *5(C.D. Cal. Sept. 7, 2007) ("§ 1927 requires an extreme standard,

and should be sparingly applied in instances evidencing bad faith and a serious and standard disregard for the orderly process of justice.").  To award sanctions under Section 1927, the Ninth Circuit requires a showing of recklessness which must be supported by a finding of subject bad faith. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (stating that ignorance or negligence does not meet the standard for sanctions under Section 1927); *In re Keegan*, 78 F.3d at 436.  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan*, 78 F.3d at 436.  Thus, under Ninth Circuit law, Section 1927 sanctions are "permissible when an attorney has acted recklessly if there is something more-such as an improper purpose." *Id.*

    2.    *SMR's Conduct In Maintaining This Action Does Not Constitute Recklessness or Bad Faith.*

        Given the Ninth Circuit's and Central District of California's stringent standards for awarding sanction under Section 1927 it stands to reason that a motion requesting such sanctions would be carefully drafted to identify instances evidencing bad faith and serious disregard for the orderly process of justice. *DevTech Marketing*, 2005 WL 6287929 at *20; *U.S. Phillips Corp,* 2007 WL 4984150 at *5; *Fink,* 239 F.3d at 993.  Yet, Histologics specifically makes reference to Section 1927 in its argument section only once, in Section B entitled "SMR and its attorneys failed to conduct a reasonable investigation into facts surrounding the ownership disputes in the '044 patent and concerning its own prudential standing to sue."  (Filed Motion at 17, ¶¶ 9–10.) Assuming that Histologics also intended Section 1927 to apply to Section A of its

17
PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

argument, Histologics only provides this Court with a litany of <u>allegations</u> without any

analysis or legal support as to why such allegations constitute recklessness and an

improper purpose on counsels' part.  Taking both sections of Histologics' argument in

turn, it is apparent that sanctions under Section 1927 are improper.

a)    <em>SMR did not initiate this action in bad faith or recklessly.</em>

Section A of Histologics' argument asserts that sanctions are warranted based on

its presumption that SMR knew of the bankruptcy action involving CDx and Goldstein,

that the '044 patent was subject to the automatic stay.  This presumption is both factually

and legally incorrect.  First, as demonstrated in above, SMR did not know of the

bankruptcy proceeding prior to filing suit and shortly after learning of the same provided

this Court with notice.  Second, Ninth Circuit case law is clear that Section 1927 cannot

be applied to an initial pleading. *In re Keegan*, 78 F.3d at 435.  Assuming, *arguendo*, that

this suit was initiated in bad faith, such conduct cannot be sanctioned pursuant to Section

1927.  Further, Histologics mixes factual statements which apply to the actions of SMR

individually and SMR's counsel.   However, any assertions regarding the conduct of

SMR individually are not applicable to a Section 1927 analysis because "Section 1927,

on its face, applies only to the conduct of lawyers." *Primus Automotive Fin. Servs., Inc.

v. Batarse*, 115 F.3d 1997 (9th Cir. 1997).

Regarding alleged multiplication of the proceedings, Histologics only cites to three

post-complaint filings: 1) the Motion to extend time for service under Rule 4(m) filed by

SMR, 2) the Motion to Dismiss as filed by Histologics and 3) the Notice of CDx's

Bankruptcy filed by SMR. (*Id.* at 15–16.)  However, Histologics merely identifies the fact that these submissions were filed.  Histologics provides no reasoning or analysis as to how these submissions are unnecessary due to counsel's reckless and bad faith conduct.  To the contrary, the facts of this case are that: 1) counsel conducted a reasonable pre-filing investigation , 2) counsel did not know of the bankruptcy action prior to filing the complaint,  3) counsel provided the court with notice of the same shortly after becoming aware that the '044 patent might be part of the bankruptcy estate, 4) counsel used the 120 day period under Rule 4(m) to engage in settlement negotiations with various defendants which resulted in the settlement with and dismissal of three defendants (*see* Dkt Nos. 12, 20, 30), and 5) counsel was aware that it could cure prudential standing subsequent to filing the complaint by joining its co-owner under Rule 19.  These facts certainly do not demonstrate bad faith or recklessness on counsel's part.

       *b)*    *SMR Conducted a Reasonable Investigation.*

Section B of Histologics' argument focuses primarily on the facts which support Rule 11 sanctions although, as mentioned above, only one reference is made to Section 1927 in the first paragraph of argument.  (Filed Motion at 17.)  Since, as discussed above, Section 1927 sanctions cannot apply to the filing of the complaint, only Histologics' arguments which apply to post-complaint filings will be addressed.  Histologics cites to the Notice of CDx's Bankruptcy filed by SMR and SMR's Opposition to Histologics' Motion to Dismiss.  (Filed Motion at 17, 20.)  Once again, Histologics' line of reasoning is flawed as it assumes facts and ascribes improper motives to SMR without support.  As

1   stated repeatedly in this Opposition, SMR was not aware of the bankruptcy proceeding

2   prior to filing suit, despite conducting a reasonable pre-filling investigation, and provided

3   the Court with the aforementioned bankruptcy notice promptly after learning the

4   automatic stay might apply to this case.

5

6       Regarding SMR's Opposition to Histologics Motion to Dismiss, Histologics

7   asserts that, "In its opposition to Histologics motion to dismiss on August 20, 2012, SMR

8   already knew it did not have standing" and as a result proceeded in bad faith by not

9   voluntarily dismissing this case.  (Filed Motion at 20.)  As discussed previously, SMR,

10  through Rule 19 joinder motion, intended to cure prudential standing by joining its co-

11  owner(s).  Counsel did not recklessly or in bad faith oppose Histologics' motion because

12  at that time it had only recently learned from Goldstein and CDx that the '044 patent

13  might be part of the bankruptcy estate.  As such, SMR did not already know that "it did

14  not have standing."  Not only is Histologics' argument factually incorrect, Histologics

15  once against fails to cite to any supporting case that a lack of prudential standing warrants

16  sanctions.  Instead, courts addressing this very issue have not awarded Section 1927

17  sanctions for patent actions lacking prudential standing.  Specifically, *Ochoa v. Trek*

18  *Bicycle Corp*., the defendant sought sanctions for the plaintiff's lack of prudential

19  standing under the patent act.  2011 WL 13527 at *2 (D. Ariz. Jan. 4, 2011).  In denying

20  sanctions under Section 1927, the court stated, "we are not persuaded that plaintiff's

21  counsel acted recklessly.  To be sure, their search of the PTO database was not thorough,

22  as they claim, and the combination of a less than forthcoming client and a poorly

23

24

25

26

27

28

20

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

executed investigation contributed to avoidable litigation costs."  *Id.*  Yet, despite this

conduct, the court still found a lack of recklessness especially where "defendant does not

allege that they otherwise acted in bad faith."  *Id.*  Similarly, in *Merial Ltd. v. Intervet,*

*Inc.*, 437 F.Supp.2d 1332, 1334 (N.D. Georgia 2006), the court denied sanctions under

Section 1927 and stated that, "While the court ultimately determined that Merial lacked

prudential standing, the court cannot say that Merial's standing argument was so

frivolous as to warrant sanctions."   Accordingly, neither the inaccurate and jumbled set

facts as advanced by Histologics, nor the relevant case law, support an award of sanctions

under Section 1927.

**C.     Sanctions Under The Court's Inherent Authority Are Not Justified.**

    *1.     The Standard For Sanctions Under The Court's Inherent Authority.*

"Federal courts have the inherent power to manage their own proceedings and to

control the conduct of those who appear before them.  In invoking the inherent power to

punish conduct which abuses the judicial process, a court must exercise discretion in

fashioning an appropriate sanction."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).

Sanctions may be awarded when a party has acted in bad faith, vexatiously, wantonly, or

for oppressive reasons but because of their very potency, inherent powers must be

exercised with restraint.  *Id.* at 33, 47.  When there is bad-faith conduct in the course of

litigation that could be adequately sanctioned under the Rules, courts should ordinarily

rely on the Rules rather than the inherent power.  *Id.* at 50 (awarding attorney fees in

finding the plaintiff's action to be "part of a sordid scheme of a deliberate misuse of the

judicial process designed to defeat NASCO's claim by harassment, repeated and endless

delay, mountainous expense and waste of financial resources"). The Ninth Circuit has

clearly stated that recklessness is an insufficient basis for sanctions under the court's

inherent power. *In re Keegan*, 78 F.3d at 436. Instead, the alleged conduct must

constitute or be tantamount to bad faith. *Id*.; *Yagman v. Republic Ins*., 987 F.2d 622, 628

(9th Cir.1993).

        2.    *SMR Has Not Conducted Itself In Bad Faith.*

Histologics' final attempt to obtain sanctions is based on the Court's inherent

authority to punish bad faith conduct. Histologics' citation to this authority is at best

inadequate as this inherent power is not mentioned once in Histologics' argument section.

If Histologics expects this Court to exercise its authority, Histologics must identify the

conduct which it alleges as bad faith. Histologics arguments, to the extent they can be

understood, simply rehash arguments SMR has rebutted above.

**D.    Rule 11 Sanctions Against Histologics Are Proper.**

As pointed out above, Histologics blatantly ignores the procedural requirements of

Rule 11 by failing to serve a "file-ready" motion on SMR. Histologics' served motion

not only lacked the declarations included in its filed motion, its Filed Motion included

new arguments and legal theories which were previously undisclosed to SMR. Given this

complete lack of compliance with the procedural requirements of Rule 11, Histologics'

Rule 11 motion does nothing more than unreasonably multiply the proceedings and

needlessly increase the cost of the litigation. In addition, as demonstrated above,

Histologics fails to advance any supported argument in favor of its request for sanctions. Rather, Histologics relies on false and unsupported assertions of fact as well as legally flawed arguments.  SMR therefore seeks its attorneys' fees and costs in defending against Histologics' frivolous request for sanctions pursuant to both Rule 11[1] and 28 USC §1927.

## IV.    CONCLUSION

For the reasons set forth above, SMR respectfully requests that the Court deny Histologics' motion and award SMR is reasonably costs and attorney fees in defending Histologics' frivolous motion.

DATED:  November 26, 2012.

Maschoff Gilmore & Israelsen

By:_____
    Kirk R. Harris
    Attorney for Plaintiff
    Shared Medical Resources LLC

---

[1] In asserting a cross-motion for Rule 11 sanctions in response to Histologics' motion for sanctions, the Ninth Circuit has held that a party defending a Rule 11 motion need not comply with Rule 11's safe harbor provisions in filing a cross-motion for sanctions based on the frivolousness of the original motion of sanctions.  *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2012, I electronically filed this

**MEMORANDUM IN OPPOSITION TO DEFENDANT HISTOLOGICS LLC'S**

**MOTION FOR SANCTIONS** with the Clerk of Court using the CM/ECF system.


*/s/ Kirk R. Harris*
Kirk R. Harris