Tyson K. Hottinger (California State Bar No. 253221)
    E-mail: thottinger@mgiip.com
Maschoff Gilmore & Israelsen
8001 Irvine Center Dr., Suite 430
Irvine, CA 92618
Telephone: (949) 754-2814
Facsimile: (949) 754-4001

C.J. Veverka (Utah State Bar No. 7110; Admitted *Pro Hac Vice*)
    E-mail: cveverka@mgiip.com
Kirk R. Harris (Utah State Bar No. 10221; Admitted *Pro Hac Vice*)
    E-mail: kharris@mgiip.com
Maschoff Gilmore & Israelsen
1441 West Ute Blvd., Suite 1000
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Attorneys for Plaintiff, Shared Medical Resources, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARED MEDICAL RESOURCES, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>    v.<br><br>HISTOLOGICS, LLC, et al.,<br><br>            Defendants. | No. SACV 12-612-DOC (RNBx)<br><br>**DECLARATION OF GREGORY E. JOLLEY IN SUPPORT OF PLAINTIFF SHARED MEDICAL RESOURCES, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT HISTOLOGICS LLC'S MOTION FOR SANCTIONS** |

## DECLARATION OF GREGORY E. JOLLEY

I, Gregory E. Jolley, declare as follows:

1.     I am an attorney at law licensed to practice in the state and federal courts of Utah.  I am employed by Workman Nydegger, former counsel for plaintiff Shared Medical Resources, LLC ("SMR") in the above-entitled action.  I make this declaration based on my own personal knowledge and based on the records possessed by Workman Nydegger in the ordinary course of business.

2.     After becoming aware of defendant Histologics, LLCs' ("Histologics") infringement of U.S. Patent No. 6,258,044 ("the '044 patent"), SMR contacted its co-owner CDx Laboratories, Inc. ("CDx") to provide notice and request that it initiate an action for infringement or join suit with SMR pursuant to Section 9 of the Co-Ownership Agreement between SMR and CDx.  However, CDx declined to initiate suit and did not mention any litigation that it was currently involved in, including the forced bankruptcy proceeding to which is was named as the debtor.

3.     At no time prior to filing the current lawsuit did either CDx or Goldstein Family Partnership, LLP ("Goldstein") mention, or otherwise indicate to SMR, that they were adverse parties in a New York state court action and a bankruptcy proceeding.

4.     Before initiating suit against Histologics, SMR reviewed the USPTO records, including the assignment records. This review revealed an assignment filed by Goldstein, purporting to assign CDx's interests in the '044 patent to Goldstein.

5.     SMR thereafter contacted Goldstein to inquire as to the recorded assignment and alert Goldstein of SMR's intention to file suit against Histologics for infringement of the '044 patent.  Yet, at no time prior to filing suit did Goldstein mention or address its litigation with CDx in a New York State action to which it was named as a defendant or the bankruptcy proceeding to which it was a party and CDx was the debtor.

6.     Prior to filing suit, SMR continued to contact CDx and Goldstein in an attempt to get its rightful co-owner to voluntarily join the lawsuit.  During this period, CDx assured SMR that it was the rightful co-owner of the '044 patent.

7.     During this time, SMR was acutely aware of Histologics' unabashed infringement of the '044 patent and proceeded to initiate this action.

8.     After filing suit, SMR learned of the forced CDx bankruptcy proceeding.

9.     Thereafter, SMR hired bankruptcy counsel to review the docket for the CDx bankruptcy.

10.     Bankruptcy counsel's review of the court records did not reveal that the '044 patent was part of the bankruptcy estate.  Choosing to err on the side of caution, SMR filed the Notice of CDx's Bankruptcy with the Court on August 29, 2012.

11.     Section 9 of SMR's co-ownership agreement with CDx, states:

If either Party becomes aware of any potential or actual infringement in the SMR Exclusive Field of Use or the CDx Exclusive Field of Use, it shall promptly inform the other Party of such infringement . . . Subject to the provisions of this Section 9, CDx shall hold the exclusive right and obligation to enforce and defend that Patent in the

SMR Exclusive Field of Use, as well as the CDx Exclusive Field of Use . . . If CDx fails or will fail to take any such action with respect to any potential or actual infringement of the Patents, and such failure adversely affects or will adversely affect SMR's rights, then SMR, after written notice to CDx, may reasonably take such action and will be reimbursed by CDx for the costs incurred.

12.    Attached hereto as Exhibit 1 is a true and correct copy of an assignment, dated January 19, 2001, wherein all right, title, and interest in and to the '044 patent is transferred to Trylon.

13.    Attached hereto as Exhibit 2 is a true and correct copy of an assignment, dated March 18, 2006, wherein all right, title, and interest in and to the '044 patent is transferred to SMR.

14.    Attached hereto as Exhibit 3 is a true and correct copy of correspondence between G. Jolley and M. Greico dated April 2, 2012.

15.    Attached hereto as Exhibit 4 is a true and correct copy of correspondence between M. Greico and G. Jolley dated April 11, 2012.

16.    Attached hereto as Exhibit 5 is a true and correct copy of correspondence between G. Jolley and M. Greico dated April 16, 2012.

17.    Attached hereto as Exhibit 6 is a true and correct copy of correspondence between M. Greico and G. Jolley dated April 16, 2012.

18.    Attached hereto as Exhibit 7 is a true and correct copy of correspondence between G. Jolley and M. Fox and M. Greico dated April 17, 2012.

DECLARATION OF GREGORY E. JOLLEY

19.     Attached hereto as Exhibit 8 is a true and correct copy of correspondence between K. Harris and M. Rutenberg dated April 2, 2012.

20.     Attached hereto as Exhibit 9 is a true and correct copy of the draft Rule 11 Motion served on SMR.

21.     Attached hereto as Exhibit 10 is a true and correct copy of correspondence between K. Harris and A. Beeman dated October 4, 2012.

22.     I declare under penalty of perjury under the laws of the United States that to the best of my knowledge and recollection the foregoing is true and correct.

Executed on November 26, 2012 in Salt Lake City, Utah.

*/s/ Gregory E. Jolley*

Gregory E. Jolley

DECLARATION OF GREGORY E. JOLLEY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2012, I electronically filed this

**DECLARATION OF GREGORY E. JOLLEY IN SUPPORT OF PLAINTIFF**

**SHARED MEDICAL RESOURCES, LLC'S MEMORANDUM IN OPPOSITION**

**TO DEFENDANT HISTOLOGICS LLC'S MOTION FOR SANCTIONS** with the

Clerk of Court using the CM/ECF system.


*/s/ Kirk R. Harris*
Kirk R. Harris