O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 12-00612 DOC (RNBx)  Date: May 23, 2013

Title: SHARED MEDICAL RESOURCES, LLC v. HISTOLOGICS, LLC ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING CROSS MOTIONS FOR SANCTIONS**

Before the Court are Defendant Histologics's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's Inherent Authority (hereinafter "Histologics's Motion for Sanctions") and Histologics's Motion to Compel Plaintiff's Privileged Materials per Court Order (hereinafter "Histologics's Motion to Compel") (Dkt. 50). Plaintiff Shared Medical Resources ("Plaintiff" or "SMR") also moves for attorney's fees and costs in defending against Histologics's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (hereinafter "SMR's Cross-Motion for Sanctions"). Opp'n (Dkt. 69) at 23. The Court finds this these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers the Court DENIES Histologics's Motion for Sanctions and Motion to Compel, and DENIES SMR's Cross-Motion for Sanctions.

## I.   Background

The gravamen of Histologics's Motion for Sanctions is that SMR either acted in bad faith or unreasonably when it filed its patent infringement complaint without joining the co-owner as required by law, and when it failed to ascertain before filing its lawsuit that the co-owner was in bankruptcy and therefore could not be joined to assert its rights in the patent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00612DOC (RNBx)            Date: May 23, 2013
                                                                      Page 2

### a. SMR's Complaint and this Court's Dismissal of the Complaint

SMR filed a Complaint on April 19, 2012, naming eleven defendants, including Histologics, in an action for infringement of its patent in the "SpiraBrush," United States Patent No. 6,258,044 ("the '044 Patent"). Compl. ¶ 32 (Dkt. 1).

On August 10, 2012, Histologics filed a Motion to Dismiss Plaintiff's Complaint on the grounds that, among other things, SMR lacked constitutional and prudential standing to assert its patent infringement claim because it is not the sole owner of the patent. Mot. to Dismiss (Dkt. 13) at 1-2. SMR alleged in its Complaint that it "is owner by assignment of an undivided interest in the '044 Patent'" without further explanation. Compl. ¶ 33. SMR did not mention that, six years prior, it had executed a co-ownership agreement with CDx Laboratories, Inc. ("CDx") in which SMR assigned to CDx an equal and undivided joint interest in all rights, titles, and interests in the '044 Patent. Req. for Judicial Notice (Dkt. 14) Ex. E.

On August 31, 2012, Plaintiff filed notice that CDx is involved in involuntary bankruptcy proceedings currently pending in the U.S. Bankruptcy Court for the Southern District of New York, Case No. 7:11-bk-24314. Pl.'s Notice of CDx Bankr. (Dkt. 33). Due to the bankruptcy, CDx's interest in the '044 Patent is subject to an automatic stay. Accordingly, this Court granted Histologics's Motion to Dismiss on October 1, 2012, holding that SMR had constitutional standing to assert its patent but it lacked prudential standing because it had not joined co-owner CDx. Order (Dkt. 45). The Court dismissed SMR's Complaint without prejudice, but ordered the action stayed pending resolution of CDx's bankruptcy proceedings. *Id.*

### b. Histologics's Motion for Sanctions

On September 14, 2012, Histologics served a draft Rule 11 Motion on SMR. Mot. at 3. On October 4, 2012, SMR responded via letter, asserting that SMR did have a valid basis to file the lawsuit, that it had conducted a reasonable pre-suit inquiry, and informing Histologics that if Histologics filed its Rule 11 motion then SMR would cross-file for sanctions. Opp'n (Dkt. 69) at 5.

On October 12, 2012, Histologics filed its Motion for Sanctions with the Court. SMR filed a redacted version of its Opposition to Histologics's Motion for Sanctions (Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00612DOC (RNBx)            Date: May 23, 2013
                                                                                 Page 3

53), and requested leave to file privileged information and documents in support of its Opposition under seal, ("Ex Parte Application") (Dkt. 61). This Court initially granted SMR's Ex Parte Application (Dkt. 62), however, it subsequently vacated this order upon finding that SMR intended to both affirmatively rely on privileged materials as well as keep its privilege intact by filing its Opposition and Documents under seal, in violation of Local Rule 7-9. Order (Dkt. 67). The Court ordered SMR to re-file its Opposition and to decide whether it wanted to waive privilege as to the materials and information it would affirmatively rely upon in opposing Histologics's Motion for Sanctions. *Id.*

SMR re-filed its Opposition in compliance with this Order. It argues that Histologics's Motion for Sanctions is baseless, and cross-moves for sanctions related to responding to this Motion. Opp'n at 23.

## II. Legal Standard

There are three sources of authority for the imposition of sanctions against a party or counsel before the court: Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of the court.

Federal Rule of Civil Procedure 11 ("Rule 11") requires parties and their attorneys to conduct a reasonable investigation into both the law and the facts underlying their claims. Fed. R. Civ. P. 11; *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 809 (9th Cir. 1989), *aff'd* 498 U.S. 959 (1990). Rule 11 authorizes a court to sanction an attorney or unrepresented party who submits a paper to the court for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[;]" or if "the claims, defenses, and other legal contentions" in the paper were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11. The Ninth Circuit has held that an "objective-objective" test governs whether a party has violated Rule 11. *In re Keegan Mgmt. Co., Secs. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996). Under this test, a court should consider both whether the paper at issue is objectively frivolous and also whether a reasonable attorney, rather than the actual person submitting the paper, would have believed it to be frivolous at the time it was filed. *Id.* In other words, a court may sanction an attorney for bringing a complaint that is not "well-founded" only if that attorney also failed to conduct a "reasonable inquiry" beforehand. *See id.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-00612DOC (RNBx)            Date: May 23, 2013
                                                                          Page 4

Somewhat similarly, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Liability under this section requires subjective bad faith, meaning "intention to harass" or "at least recklessness." *In re Keegan*, 78 F.3d at 436.

Finally, a court may also sanction a party pursuant to its inherent power to "protect[] the due and orderly administration of justice and in maintaining the authority and dignity of the court[.]" *Cooke v. United States*, 267 U.S. 517, 539 (1925). A sanction under the court's inherent power requires an even greater showing of abuse of the judicial process than for section 1927. *In re Keegan*, 78 F.3d at 436. Mere recklessness is insufficient, a court must first find that the conduct was in bad faith prior to imposing sanctions through its inherent power. *See id.* (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)).

Under any of these three sources of authority, sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan*, 78 F.3d at 437 (citing *Operating Eng'rs Pension Trust v. A.C. Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). In fashioning a monetary remedy under Rule 11, the court must consider the deterrent effect of fees or costs on the challenged conduct. Fed. R. Civ. P. 11(c)(2); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 284, 406 (1990). Similarly, under section 1927, sanctions are limited only to "excess" cost resulting from the offending conduct. *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 176 (C.D. Cal. 2002) (citing *Salstrom v. Citicorp Credit Svcs., Inc.*, 74 F.3d 183, 185 (9th Cir. 1996)).

### III. Analysis

The Court considers first Histologics's Motion for Sanctions. Histologics argues that SMR knew, or should have known, that the co-owner of the '044 patent, CDx, was in bankruptcy, but they filed a baseless lawsuit anyway to scare away Histologics's customers. Reply (Dkt. 72) at 1-2. SMR counters that it did have constitutional standing to sue and that it did not know, despite being in contact with all relevant parties, that CDx was in bankruptcy. Opp'n at 1. SMR argues in the alternative that Histologics's Motion for Sanctions must be denied because Histologics failed to comply with procedural requirements. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00612DOC (RNBx)            Date: May 23, 2013
                                                                                                               Page 5

       The Court finds insufficient evidence for bad faith or recklessness on the part of SMR. Accordingly, the Court DENIES Histologics's Motion for Sanctions insofar as it is based on section 1927 or the Court's inherent powers. *See Ochoa v. Trek Bicycle Corp.*, No. CV-10-00195-PHX-FJM, 2011 WL 13527, at *2 (D. Ariz. Jan. 4, 2011) (finding failure to join co-owner of patent to complaint for patent infringement was not conduct warranting sanctions under section 1927 or the court's inherent power). The remaining issue is whether sanctions are appropriate under Rule 11.

       **a. Procedural Requirements of Rule 11**

       As a threshold matter, the Court addresses SMR's arguments that Histologics's Motion for Sanctions is procedurally deficient. First SMR argues that Histologics did not serve them with a "full" or "filing-ready" motion prior to filing with the Court. Opp'n at 8. Second, SMR argues that Histologics could not file its Motion for Sanctions after the Court dismissed the case. Opp'n at 1-2.

       Under Rule 11, a party seeking sanctions must first serve its motion on the opposing party and give the opposing party twenty-one days after service to withdraw or properly amend the offending paper before filing its motion with the court. Fed. R. Civ. P. 11(c). This is the "safe harbor" period for the receiving party to avoid sanctions. *See Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002) (citing *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998)). Filing a motion for sanctions after dismissal or final disposition of a case violates this safe harbor provision because the accused party has no chance to withdraw or amend its filing. *See Barber v. Miller*, 146 F.3d at 710 (dismissing motion for sanctions filed after complaint dismissed). Furthermore, to comply with the procedural requirements of Rule 11, the party seeking sanctions must serve on the opposing party its motion pursuant to Rule 5. Fed. R. Civ. P. 11(c). Informal communications threatening sanctions, without providing a copy of the motion, does not meet this requirement of service. *Barber v. Miller*, 146 F.3d at 710.

       SMR argues that Histologics served on it a Motion that was incomplete because it did not include exhibits referenced in the Motion. Opp'n at 8. The declaration referred to in Histologics's served Motion—but not provided to SMR—describes the attached exhibits. Decl. of Gregory E. Jolley, Ex. 9 (Dkt. 70-9). The exhibits referred to in Histologics's served Motion (but not provided as attachments with the served Motion) are communications between counsel for Histologics and counsel for SMR, a page from SMR's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00612DOC (RNBx)  Date: May 23, 2013
Page 6

own public website, and documents from CDx's bankruptcy docket. *See* Decl. of Imran Khaliq (Dkt. 51). Histologics's served Motion, although it did not provide copies the declaration and the exhibits, describes each of the documents, such as security agreements between the Goldstein Family Partnership and CDx and the bankruptcy petition filed in the United States Bankruptcy Court for the Southern District of New York. Jolley Decl., Ex. 9. These were all documents that SMR had in its possession or were publicly available.

The Court does not find applicable to this case the authorities that Plaintiff cites for the proposition that counsel must be served with a "filing-ready motion" as notice that an opposing party seeks sanctions. The portion of Judge Graber's opinion in *Truesdell* that Plaintiff quotes, "[t]he movant serves the allegedly offending party with a filing-ready motion as notice that it plans to seek sanctions[,]" is not followed by any cited authority. *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002). Rule 11(c)(2) states that the motion must be served under Rule 5, which refers to procedures for service, not the substance of the paper being served. The facts of this case are also quite different from those in *Truesdell*, where the central issue was whether the trial court's dismissal of the case twenty days after the service of the motion for sanctions cut off the twenty-one-day safe harbor period and precluded the filing of the motion for sanctions. 293 F.3d at 1152. Although this Court is bound by the holding in *Truesdell* and applies it as to Plaintiff's second procedural argument below, the Court considers the words "filing-ready motion" in the *Truesdell* opinion to be dicta and inapplicable to this case.

The other cases Plaintiff cites to are similarly not applicable to the facts of this case. *See MetLife Bank, N.A. v. Riley*, No. 3:10-cv-00122-ECR-VPC, 2010 WL 4024898, at *3 (D. Nev. Oct. 3, 2010) (finding Rule 11's procedural requirements not satisfied because motion for sanctions was not signed and repeatedly referenced third-party declarations that were not provided with the motion); *Gidding v. Anderson*, No. C-07-4755 JSW (WDB), 2009 WL 1631625, at *1 (N.D. Cal. June 9, 2009) (denying Rule 11 motion because defendants filed a motion with a brief, supporting declarations, and exhibits that defendants did not serve at the outset of the safe harbor period). The order in *Gidding* lacks any facts or explanation and the Court finds it unpersuasive. While these cases make clear that the party seeking sanctions cannot, in its filed motion, substantially rely on material not served on and unavailable to the opposing party, that is not what happened here.

SMR also argues, albeit briefly, that because the Court dismissed and stayed this case before the expiration of the twenty-one day safe harbor period, it prevented Histologics from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00612DOC (RNBx)            Date: May 23, 2013
                                                                                 Page 7

filing its Motion for Sanctions. Opp'n at 1-2. *Truesdell* is dispositive of this argument. Dismissal of the case prior to the end of the safe harbor period does not prevent the filing of a Rule 11 motion where the party seeking sanctions did not delay in serving the motion and where the complaint was dismissed without prejudice. *Truesdell*, 293 F.3d at 1152 ("As a technical matter, the moving party complied with the Rule's 21-day provision by waiting 27 days to file its motion. As a practical matter, Plaintiff's counsel had the full safe-harbor period in which to withdraw the complaint because the district court's decision on the 20th day dismissed the complaint *with leave to amend*.") (emphasis original).

      Here, Histologics did not file its Motion for Sanctions with the Court until twenty-seven days after serving the motion, and this Court dismissed SMR's Complaint without prejudice. Even though this case was stayed, SMR can still voluntarily withdraw the lawsuit. Through no fault of the Court, Histologics, or even SMR, SMR's Complaint cannot be cured by amendment because of CDx's bankruptcy. Therefore, like in *Truesdell*, the Court's dismissal of the case did not affect Histologics's Motion for Sanctions.

      Accordingly, the Court holds that Histologics's Motion for Sanctions satisfies the procedural requirements of Rule 11.

### b. Whether SMR's Complaint Complies With Rule 11

      There are two central contentions at issue in Histologics's Motion for Sanctions. First, that SMR represented to the Court that it holds an "undivided interest in the patent" without disclosing that the patent is co-owned by CDx. Second, that SMR failed to join CDx in bringing the lawsuit as required by the Patent Act, 35 U.S.C. § 281, and also failed to disclose, or failed to ascertain, that CDx in fact could not be joined to the lawsuit because CDx is in bankruptcy.

      It is curious that SMR, in its initial Complaint, did not disclose the co-ownership arrangement with CDx, including that the co-ownership agreement expressly grants SMR authority to enforce and defend the '044 patent in the event that CDx fails to protect the jointly held patent rights. *See* Opp'n at 12, Jolley Decl. (Dkt. 70) ¶ 11 (citing the '044 patent co-ownership agreement between SMR and CDx). However, the course taken by SMR is not so objectively unreasonable as to be frivolous.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00612DOC (RNBx)　　　　　　　　　　　　Date: May 23, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

---

SMR conceded the issue of prudential standing in its Opposition to Histologics's Motion to Dismiss (Dkt. 13) and argued that it was seeking to cure the problem via a Rule 19 joinder. *See* Pl.'s Opp'n to Mot. to Dismiss (Dkt. 22) at 13. In its Opposition to Histologics's Motion for Sanctions, SMR argues that, despite communication with all relevant parties, SMR was not informed that bankruptcy proceedings were underway until sometime after it filed the lawsuit. Opp'n at 13. SMR maintains that it relied on CDx's assurances, and that even after it learned of CDx's bankruptcy it was unclear whether the '044 Patent was part of the bankruptcy proceedings. Jolley Decl. ¶¶ 6, 10.

The case cited by Histologics in support of its argument that sanctions are appropriate, *TXCAT v. Phoenix Group Metals, LLC*, No. No. H-10-0344, 2010 WL 5186824 (S.D. Tex. 2010), is not applicable because of its factual and procedural stance. The court in *TXCAT* granted sanctions because the plaintiff prolonged the lawsuit for six months while failing to timely file a response to the defendant's motion for summary judgment, and attempted to file an improper motion to amend its pleadings to cure its lack of standing. 2010 WL 4186824 at *8. Furthermore, the case cited by Histologics in its Reply is unpersuasive because in that case the court only issued an order to show cause why plaintiff should not be sanctioned. *Righthaven LLC v. Democratic Underground, LLC*, 791 F. Supp 2d 968, 979 (D. Nev. 2011). The challenged conduct in that case was a failure to identify the co-owner of the asserted copyright in "any of [the plaintiff's] approximately 200 cases filed in this District." *Id.* Here, the allegedly offensive conduct is not as duplicitous as the plaintiff's conduct in *Righthaven*.[1]

The case cited by SMR is somewhat closer. In that case, the court found that a failure to inquire as to whether counsel's own clients were in bankruptcy and thus precluded from asserting standing to bring their claims was not objectively unreasonable where the clients' claims were not rooted in bankruptcy law. *Yack v. Wash. Mutual, Inc.*, No. C07-5858PJH, 2008 WL 3842918, at *3 (N.D. Cal. Aug. 14, 2008). This reasoning could apply to SMR's failure to ascertain that CDx was in bankruptcy. However, it does not necessarily explain why SMR did not join CDx as co-owner at the outset of this litigation, or at least identify CDx as an interested party.

---

[1] Recently, the Ninth Circuit decided two consolidated appeals from the U.S. District Court for the District of Nevada in the *Righthaven* cases, holding that Righthaven lacked standing to sue for infringement of copyright. *Righthaven LLC v. Hoehn*, No. 11-16751, slip op. at 15 (9th Cir. May 9, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00612DOC (RNBx)　　　　　　　　　　　　Date: May 23, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

---

The Court has found one case where the failure to join the co-owner of a patent resulted in Rule 11 sanctions. *Clark v. The Walt Disney Co.*, 748 F. Supp. 2d 792, 801-02 (S.D. Oh. 2010). In *Clark*, plaintiff's counsel repeatedly misrepresented to the court that his client was the sole owner of the asserted patent, even in an amended complaint filed two months after his client admitted in interrogatories that there was a co-owner of the patent that was not part of the lawsuit. 748 F. Supp. 2d at 802. Here, SMR's omission stops short of factual misrepresentation, and it subsequently admitted to its error. In comparison to the conduct in *Clark*, SMR's conduct here does not rise to the level of objectively unreasonable.

Furthermore, given that the case has been stayed pending the resolution of the bankruptcy proceedings, the goal of deterrence would not be furthered by an award of sanctions against SMR. *See Cooter & Gell*, 496 U.S. at 406.

Accordingly, the Court DENIES Histologics's Motion for Sanctions. Histologics's Motion to Compel is unopposed, but the Court DENIES the motion as moot. Because the Complaint was dismissed and because Court finds SMR's conduct does not violate Rule 11, it is unnecessary to compel SMR to produce privileged materials to justify its failure to join CDx to the Complaint.

### c. SMR's Cross-Motion for Sanctions

Although the Court finds that the challenged conduct does not warrant Rule 11 sanctions, this lawsuit thus far is hardly an example of efficiency and thoroughness. SMR, initially, was less than forthcoming regarding the co-ownership of the patent. SMR did not file a notice of CDx's bankruptcy until after Histologics's Motion to Dismiss had been fully briefed by both sides. Accordingly, the Court finds that Histologics's Motion for Sanctions was not frivolous and DENIES SMR's Cross-Motion for Sanctions.

### IV. Conclusion

Thus, for the reasons stated above, Histologics's Motion for Sanctions and to Compel Privileged Materials is DENIED. SMR's Cross-Motion for Sanctions is DENIED.