C.J. Veverka (Utah State Bar No. 7110; Admitted Pro Hac Vice)
E-mail: cveverka@mabr.com
Kirk R. Harris (Utah State Bar No. 10221; Admitted Pro Hac Vice)
E-mail: kharris@mabr.com
Tyson K. Hottinger (California State Bar No. 253221)
E-mail: thottinger@mabr.com
Maschoff Brennan
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Attorneys for Shared Medical Resources, LLC and CDx Diagnostics, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHARED MEDICAL RESOURCES, LLC, a Delaware limited liability company,

Plaintiff,

v.

HISTOLOGICS, LLC, et al.,

Defendants.

Case No.: SACV12-612 DOC (RNBx)

**PLAINTIFF SHARED MEDICAL RESOURCES, LLC AND THIRD-PARTY DEFENDANT CDX DIAGNOSTICS, INC.'S MOTION TO DISMISS DEFENDANT HISTOLOGICS, LLC'S COUNTERCLAIMS**

**NOTICE OF MOTION**

TO HISTOLOGICS, LLC, ITS ATTORNEYS, AND THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that at 8:30 a.m. on September 23, 2013, or as soon thereafter as the matter may be heard in Courtroom 9D of this Court, located at 411 W. Fourth St., #1053, Santa Ana, California, Shared Medical Resources, LLC ("SMR") and CDx Diagnostics, Inc. ("CDx") will and hereby move this Court for an order, pursuant to Federal Rule of Civil Procedure 12 and this Court's inherent powers, dismissing Histologics, LLC's "Declaratory Judgment Counterclaims Against Shared Medical Resources LLC and CDx Diagnostics, Inc."

SMR and CDx base this motion on the grounds that (1) this above captioned action was dismissed by Court order dated October 1, 2012; (2) Histologics' purported declaratory judgment claims were filed in a closed, and dismissed action with no operative complaint; and (3) that a first-filed action is currently pending in the Southern District of New York.

SMR and CDx base this motion upon this notice, the following memorandum of points and authorities, all pleadings, records, and documents on file in this case, and such additional evidence and argument as may be properly introduced.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was initiated on July 15, 2013 and took place on July 16, 2013.

DATED: July 22, 2013

C.J. Veverka
Kirk R. Harris
Tyson K. Hottinger

**By:** */s/ Kirk R. Harris*
Kirk R. Harris
Attorneys for Plaintiff
SHARED MEDICAL RESOURCES, LLC AND CDX DIAGNOSTICS, INC.

## TABLE OF CONTENTS

**I. INTRODUCTION ........................................ 1**

**II. FACTUAL BACKGROUND ........................................ 1**

**III. ARGUMENT ........................................ 5**

A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) is Warranted. ........................................ 6

B. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) is Appropriate. ........................................ 8

C. Dismissal or Transfer of Defendant's "Counterclaims" in Favor of the New York Action is Warranted Under the First-to-File Rule. ........................................ 9

D. Alternatively, This Action Should be Stayed Pending a Ruling in the New York Action Regarding the First-Filed Action. ........................................ 13

**IV. CONCLUSION ........................................ 14**

# TABLE OF AUTHORITIES

**CASES**

*Alltrade, Inc. v. Uniweld Prods., Inc.* 946 F.2d 622 (9th Cir. 1991) .......... 9, 10

*Arbaugh v. Y&H Corp.* 546 U.S. 500 (2006) .......... 6

*Attorneys Trust v. Videotape Computer Prods., Inc.* 93 F.3d 593 (9th Cir. 1996) .......... 6

*Balistreri v. Pacifica Police Dept.* 901 F.2d 696 (9th Cir. 1990) .......... 8

*Cahill v. Liberty Mutual Ins. Co.* 80 F.3d 336 (9th Cir. 1996) .......... 8

*Chaabane v. Biggs* Civ. No. 2:9cv2376, 2010 WL2574044 (E.D. Cal. June 25, 2010) .......... 6

*Guthy–Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.* 179 F.R.D. 264 (C.D. Cal. 1998) .......... 10

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.* 544 F.Supp.2d 949 (N.D. Cal. 2008) .......... 11

*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.* 342 U.S. 180 (1952) .......... 9

*Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375 (1994) .......... 6

*Landis v. N. Am. Co.* 299 U.S. 248 (1936) .......... 13

*Levine v. Diamanthuset, Inc.* 950 F.2d 1478 (9th Cir.1991) .......... 8

*Levva v. Certified Grocers of Cal., Ltd.* 593 F.2d 857 (9th Cir. 1979) .......... 13

*Pacesetter Sys., Inc. v. Medtronic, Inc.* 678 F.2d 93 (9th Cir. 1982) .......... 9, 12

*PETA, Inc. v. Beyond the Frame, Ltd.*
Civ. No. 10–07576 , 2011 WL686158 (C.D. Cal. Feb. 16, 2011) .......................................... 11, 12

*Thornhill Pub. Co. Inc. v. General Tel. & Elecs. Corp.*
594 F.2d 730 (9th Cir. 1979) .......................................................................................... 6

**RULES & STATUTES**

28 U.S.C. § 1404(a) .......................................................................................... 13

Federal Rule of Civil Procedure 12(b)(1) .......................................................... 5, 6, 8, 9, 14

Federal Rules of Civil Procedure 12(b)(6) .......................................................... 5, 8, 9, 14

## I. INTRODUCTION

By virtue of Defendant Histologics LLC's ("Histologics") June 17, 2013, filing entitled "Declaratory Judgment Counterclaims Against Shared Medical Resources LLC and CDx Diagnostics, Inc.," Histologics is attempting to improperly inject three declaratory judgment claims under the fiction of counterclaims. Problematically, however, there is no operative complaint in this action that would allow for the filing of Histologics' purported "counterclaims." The sole complaint filed in this action was dismissed in its entirety over nine months ago and the sole plaintiff, Shared Medical Resources, LLC ("SMR"), has not re-filed its complaint or otherwise asserted any claim in this action. Due to the lack of an operative complaint in this action, Histologics' "counterclaims" must be dismissed or transferred as there is already an action which substantially overlaps the claims asserted by Histologics pending in the Southern District of New York.

For these and the reasons that follow, Histologics' "counterclaims" should be dismissed or transferred. Alternatively, this Court should stay its ruling on this motion pending a decision by the Southern District of New York as to issues raised herein but which are already before the New York court.

## II. FACTUAL BACKGROUND

1. On April 19, 2012, SMR filed its Complaint for Patent Infringement asserting a single count for infringement of United States Patent No. 6,258,044 (the "'044 patent") against the following defendants: Histologics, LLC, BR Surgical, LLC, Neal M. Lonky, M.D., Martin Lonky, Kenneth Frank, M.D., Andrew Burg, M.D., Marc Winter, M.D., Ramon M. Cestero, M.D., Catherine Han, M.D., Ann Marie Raffo, M.D. and Steven Vasilev, M.D. (Dkt. No. 1.)

2. On August 10, 2012, Histologics filed a Motion to Dismiss SMR's Complaint for failure to prosecute, lack of standing, and failure to plead sufficient facts to state a claim for patent infringement. (Dkt. No. 13.)

3. At the heart of Histologics' Motion to Dismiss was the assertion that SMR lacked constitutional and prudential standing to assert infringement of the '044 patent without joining the co-owner of the '044 patent, CDx Diagnostics, Inc. ("CDx"). (*See generally* Dkt. No. 13.)

4. In SMR's Opposition to the Motion to Dismiss, SMR argued that it had constitutional standing to bring suit and would seek to perfect prudential standing by joining CDx under Federal Rule of Civil Procedure 19. (Dkt. No. 22, 11–14.)

5. On October 1, 2012, this Court granted Histologics' Motion to Dismiss and <u>dismissed</u> SMR's complaint without prejudice.

6. In the Court's order dismissing Histologics' complaint, the Court found that while SMR had proper constitutional standing, it lacked prudential standing without the co-owner of the '044 patent, CDx, whose interest in the '044 patent was subject to an automatic stay due to a bankruptcy proceeding in the New York Bankruptcy court. (Dkt. No. 45 at 3, 5.) Specifically, this Court stated "[b]ecause this Court finds that Plaintiff lacks standing to prosecute this action which cannot be cured prior to the resolution of CDx's bankruptcy proceedings, it declines to address Defendant's alternative grounds for dismissal." (*Id*. at 2.)

7. Thus, SMR's complaint was dismissed by the Court stating: "the Court GRANTS Defendant's Motion to Dismiss and DISMISSES WITHOUT PREJUDICE. The Court also ORDERS THIS CASE STAYED pending resolution of CDx's bankruptcy proceedings." (*Id*. at 5.)

8. Shortly thereafter, the docket for this action was listed as "closed."

9. Prior to dismissal, no defendant had filed a counterclaim or answer to SMR's complaint and Histologics was the sole defendant to bring the Motion to Dismiss.

10. Thus, once SMR's single count for patent infringement was dismissed from this action there remained no operative complaint, controversy or claim pending with this Court.

11. On December 19, 2012, the New York bankruptcy action was dismissed and CDx emerged with its undivided interest in the ’044 patent intact. (*See* Dkt. No. 45, Case No. 7:11-24314 (SDNY)).

12. At that point, in an effort to remedy the infringement of its intellectual property rights, CDx and SMR jointly filed suit in the United States District Court for the Southern District of New York on April 23, 2013, alleging a single count of infringement of the ’044 patent against the following defendants: Histologics, Poplar Healthcare PLLC, Mattison Pathology LLP and John Does 1-30. (Dkt. No. 1, Case No. 13cv02795 (SDNY).) (“the New York Action”)

13. CDx’s headquarters are located in New York.

14. The New York complaint was served on Histologics on May 24, 2013.

15. Histologics took no action after receiving said notice until June 14, 2013 when it unilaterally sought to revive this action by virtue of its filing entitled, “Notice of Termination of Counter-Defendant CDx’s Bankruptcy Proceedings and Request to Lift Stay.” (Dkt. No. 75.)

16. Three days later, on June 17, 2013, Histologics filed its purported “Declaratory Judgment Counterclaims Against Shared Medical Resources LLC and CDx Diagnostics, Inc.” (Dkt. No. 76.)

17. By virtue of the June 17, 2013 filing, Histologics is attempting to assert three claims, styled as “counterclaims” seeking declarations that Histologics has not infringed the ’044 patent and that said patent is invalid and unenforceable. (*Id*.)

18. Interestingly, the June 17, 2013 filing is asserted by Histologics LLC, a Delaware limited liability company. However, SMR’s complaint named only Histologics LLC, a Nevada limited liability company. The difference between the Delaware and Nevada entities was addressed by Histologics’ Motion to Dismiss wherein Histologics postured that SMR had incorrectly named the Nevada entity which “was merely a

'development' company whereas the Delaware company is responsible for business operations, including selling product." (Dkt. No. 13, 1 at n.1, 2.)

19. Prior to this Court's dismissal of SMR's complaint, SMR had not amended the complaint to name the Delaware entity as a defendant in this action and yet this unnamed entity is currently seeking to assert "counterclaims" under the guise of a party "defendant and counterclaimant." (Dkt. No. 76 at 2.)

20. Even ignoring this apparent discrepancy, the purported "counterclaims" cannot be filed in the absence of an operative complaint.

21. Since SMR's complaint was dismissed by this Court on October 1, 2012, this action was closed and SMR has not re-filed or otherwise asserted any claim in this action. As such, this action lacks an operative complaint that would invite or allow for the filing of any counterclaim.

22. Additionally, CDx was never joined under Rule 19 and, excluding the instant Motion to Dismiss as filed by SMR and CDx, CDx has not otherwise made an appearance in this action. Instead, CDx and SMR chose to protect their rights in the '044 patent against Histologics' infringement by virtue of the New York Action. These actions are in compliance and entirely consistent with this Court's order to stay any action by SMR against Histologics, until CDx was released from bankruptcy.

23. In an effort to avoid having to defend against SMR and CDx's assertions of patent infringement in the New York Action, on June 14, 2013, Histologics filed a "Pre-Motion Conference Letter in Support of its Motion to Dismiss or Transfer Action to the Central District of California" to the presiding judge in New York, indicating its intention of filing a motion to dismiss under the first-to-file rule, or alternatively, transfer the New York Action to this Court pursuant to 28 U.S.C. § 1404(a). (*See* Histologics' Pre-Motion Letter, Ex. B.)

24. On July 12, 2013, SMR and CDx filed their response to Histologics' Pre-Motion Letter asserting that the New York Action, not this action, is first-filed and that transfer is not warranted. (*See* SMR and CDx's Response to Pre-Motion Letter, Ex. C.)

25. Recently, on July 19, 2013, the New York court held a hearing on the parties' respective Pre-Motion positions and ordered that the parties fully brief the issues by September 15, 2013.

26. The New York court stated that following such briefing, a ruling would be issued by October 25, 2013.[1]

**III. ARGUMENT**

SMR and CDx bring the instant Motion to Dismiss or transfer pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and the first-to-file rule. Alternatively, SMR and CDx request a stay of this action pending a ruling by the New York Court as to the issue of the first-filed case. As addressed herein, dismissal under either Rule 12(b)(1) or 12(b)(6) is appropriate for the simple reason that this action lacks any operative complaint that would provide a procedural mechanism for the filing of Histologics' purported "counterclaims" or supply this Court with proper jurisdiction to entertain such "counterclaims." Additionally, even assuming, *arguendo*, that Histologics' "counterclaims" were properly asserted in this action, such claims amount to an originally filed declaratory judgment action that should yield to the first-filed New York Action currently pending in the Southern District of New York. Accordingly,

---

[1] Transcripts of the aforementioned hearing will be made available within about one week of the hearing, at which time, SMR and CDx will supplement these materials to provide this Court with a full understanding of the issues addressed by the New York court.

Histologics' declaratory judgment "counterclaims" should be dismissed, or in the least stayed, pending resolution by the New York Court as to the first-filed action.

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) is Warranted.

Dismissal of Histologics' recently filed declaratory judgment "counterclaims" is appropriate under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject-matter jurisdiction over Histologics' "counterclaims." *See* FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction or allege an actual lack of jurisdiction that exists despite the formal sufficiency of the complaint. *Chaabane v. Biggs*, Civ. No. 2:9cv2376, 2010 WL2574044, at *1 (E.D. Cal. June 25, 2010) (stating that the burden rests on the party asserting jurisdiction to show subject matter jurisdiction is present); *Thornhill Pub. Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Because federal courts are courts of limited jurisdiction, and possess only that power authorized by the Constitution and by statute, lack of subject-matter jurisdiction is never waived and may be raised by either party or the court at any time. *See Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593,595 (9th Cir. 1996); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The issues currently before this Court pertain to Histologics' newly filed declaratory judgment action against SMR and third-party defendant CDx which Histologics has clothed as "counterclaims." Problematically for Histologics, there is no operative complaint in this action that would supply the Court with subject-matter jurisdiction over such "counterclaims." Thus, in this case, there is no subject matter jurisdiction.

SMR's original and only complaint was dismissed in its entirety, without prejudice, as a result of Histologics' Motion to Dismiss on October 1, 2012 and shortly thereafter, the case docket reflected this action as closed. (*See* Dkt. No. 45.) Prior to dismissal, no defendant had asserted a counterclaim or even filed an answer to SMR's complaint. Thus, subject-matter jurisdiction over this action was terminated when SMR's single count for patent infringement was dismissed. If Histologics had desired to assert a declaratory judgment action against SMR and CDx, it should have filed a new case, and paid a filing fee.

Notably, in addition to dismissal, the Court stayed this action. Because the Court ruled that SMR had constitutional standing to bring the lawsuit, its stay order was, presumably, to preclude SMR from filing or re-filing, if ever, an action, having constitutional standing to do so, until after the resolution of CDx's bankruptcy proceeding, allowing for prudential standing to be satisfied. Since then, CDx has emerged from bankruptcy and remains the co-owner of the '044 patent with SMR. On April 26, 2013, CDx and SMR initiated suit in the Southern District of New York (where CDx is headquartered) against Histologics and several other defendants alleging infringement of the '044 patent. SMR has not reasserted any claim in this action nor has CDx made an appearance in this action, with the exception of this instant Motion to Dismiss. As such, subject-matter jurisdiction is lacking over Histologics' purported "counterclaims" because there is simply no operative complaint in this action to warrant the filing of any counterclaim. In reality, Histologics' "counterclaims" amount to a newly filed declaratory judgment complaint against SMR and CDx. However, for the reasons addressed in Section C below, Histologics has chosen to style its claims as "counterclaims" in an effort to avoid litigating its infringement of the '044 patent in the pending New York Action. Regardless of Histologics' characterization, the fact remains that subject-matter jurisdiction does not exist for this Court to entertain Histologics'

"counterclaims" in this action and as such these "counterclaims" should be dismissed pursuant to Rule 12(b)(1).

**B. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) is Appropriate.**

Histologics' recently asserted "counterclaims" fail to allege any cause of action upon which relief may be granted. Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990); *see Cahill v. Liberty Mutual Ins. Co*., 80 F.3d 336, 337–338 (9th Cir. 1996) (finding that in resolving a 12(b)(6) motion to dismiss, the court must (1) construe the complaint in the light most favorable to the counterclaim plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the counterclaim plaintiff can prove any set of facts to support a claim that would merit relief.) Any purported defect alleged by the moving party must be apparent on the face of the complaint. *Levine v. Diamanthuset, Inc*., 950 F.2d 1478, 1483 (9th Cir.1991).

The current status of this action and Histologics' injection of procedurally improper "counterclaims" pose a unique issue for this Court that is not normally addressed in the context of a Rule 12(b)(6) motion. As already detailed in Section A above, this action clearly and simply lacks an operative complaint which would trigger or require the filing of any counterclaim. Despite this fact, Histologics is now currently seeking to interject improper "counterclaims" by virtue of its June 17, 2013 filing captioned "Declaratory Judgment Counterclaims" (Dkt. No. 76). Histologics' unilateral step to revive this action is perplexing. Histologics' own "pleading" explicitly acknowledges that, "On October 1, 2012, this Court granted Histologics' Motion to Dismiss SMR's complaint finding that SMR lacked prudential standing without the co-owner of the patent, who SMR had identified as CDx." (Dkt. No. 76 at ¶ 40.) Nowhere in Histologics' declaratory judgment pleading does it assert that SMR has taken any steps

to reassert the dismissed claims or any other claim in this action. Histologics' attempt to inject three declaratory judgment "counterclaims" into this action does not and cannot entitle it to relief where such "counterclaims" were asserted in the absence of any operative complaint. What Histologics' purported "counterclaims" amount to is, at best, a newly filed declaratory judgment action against SMR and CDx as discussed in Section C below. But, as previously mentioned, in such a case, Histologics should be required to filed a new action and pay a filing fee.

Regardless of the gloss that Histologics' chooses to put on its newly asserted claims, the fact remains that this action lacks any operative complaint that would allow the filing of Histologics' purported "counterclaims." On this basis, Histologics cannot assert its declaratory judgment action under the guise of "counterclaims" and has therefore failed to properly allege any counterclaim upon which relief may be granted. Accordingly, Histologics' declaratory judgment "counterclaims" should be dismissed pursuant to Rule 12(b)(6).

**C. Dismissal or Transfer of Defendant's "Counterclaims" in Favor of the New York Action is Warranted Under the First-to-File Rule.**

Assuming, arguendo, that this Court declines to dismiss under Rule 12(b)(1), 12 (b)(6), or because Histologics' claims are procedurally improper, Histologics' purported "counterclaims" should be dismissed or transferred pursuant to the first-to-file rule. The first-to-file rule was developed to "serve the purpose of promoting efficiency and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *see also Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 185–86 (1952) ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."). Where two pending suits involve similar parties and issues, the action filed first should ordinarily proceed to judgment. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982);

*Guthy–Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998) ("preference is given to the first-filed plaintiff's choice of forum under the first-to-file rule."); *see also Alltrade*, 946 F.2d at 623 (stating that the first-to-file rule "allows a district court to transfer, stay or dismiss an action when a similar complaint has already been filed in another federal court."). "Three threshold factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Alltrade*, 946 F.2d at 270. Even if Histologics' new declaratory judgment action were considered properly filed, with payment of a filing fee and service of process, the three threshold factors demonstrate that this action is second-filed.

Under the first factor, the chronology of this action and the New York Action establishes that the New York Action was first-filed. Histologics attempts to identify this action as "the first-filed action" because "SMR originally chose to initiate . . . [this action] in the Central District of California and expected to join CDx labs under Rule 19." (Dkt. No. 76 at 5.) Yet, CDx was ultimately not forced to join this action and given the fact that SMR's complaint was dismissed in its entirety, SMR's former intention to join CDx under Rule 19 is inconsequential. Indeed, as discussed above, after emerging from bankruptcy, CDx and SMR agreed to initiate suit against Histologics and other alleged infringers of the '044 patent in the Southern District of New York where CDx is based, not in this District. Because there is no operative complaint in this action and neither SMR nor CDx have asserted any live cause of action, the only potentially effective filing date is Defendant Histologics' June 17, 2013 filing (Dkt. No. 76), which boils down to nothing more than an improperly filed original declaratory judgment complaint against SMR and CDx.2 *See Alltrade*, 946 F.2d at 625–26 (stating that in

---

[2] Histologics' purported "Declaratory Judgment Counterclaims" are asserted on behalf of a party that was not even named in SMR's complaint. SMR's complaint identified Histologics, LLC, a Nevada Limited Liability Company as a defendant, while the "Declaratory Judgment Counterclaims" identify Histologics, LLC a Delaware

evaluating the first-filed factors "the court should employ the date on which the original . . . complaint was filed."). Defendant Histologics' June 17, 2013 declaratory judgment complaint was filed nearly two months after the filing of the New York Action.3 The New York Action was initiated on April 26, 2013 and identifies CDx and SMR as plaintiffs and co-owners of all right, title and interest in and to the '044 patent. (*See* New York Complaint, Ex. A.)[4] Further, the New York Action alleges infringement of the '044 patent against Defendants Histologics, Poplar Healthcare PLLC, Mattison Pathology LLP and John Does 1-30. (*Id.*) Based on the foregoing chronology, the New York Action is the first-filed action.

Under the second factor, there is sufficient similarity of the parties between this and the New York Action to satisfy application of the first-to-file rule. "Exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 959 n.6 (N.D. Cal. 2008); *PETA, Inc. v. Beyond the Frame, Ltd.*, Civ. No. 10–07576 , 2011 WL686158 at *2 (C.D. Cal. Feb. 16, 2011).

---

Limited Liability Company, as the defendant asserting declaratory judgment "counterclaims." Indeed, Histologics postured in its Motion to Dismiss (Dkt. No. 13) that SMR had incorrectly named the Nevada entity which "was merely a 'development' company whereas the Delaware company is responsible for business operations, including selling product." (Dkt. No. 13, 1 at n.1, 2.) Yet, SMR has never named the Delaware company which further weakens any argument that the purported counterclaims have been validly asserted.

[3] Interestingly, Histologics' purported counterclaims base declaratory judgment jurisdiction only on the facts that SMR originally sued Histologics in this Court and that SMR and CDx jointly filed the New York Action alleging patent infringement. It is doubtful that such assertions allege a proper claim or controversy, but certainly, such allegations demonstrate that no case or controversy existed as between CDx and Histologics until after the filing of the New York Action.

[4] All references to "Ex." refer to the exhibits attached to the Declaration of Kirk R. Harris filed in support of this Motion.

("Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties and issues."). SMR's dismissed complaint originally named the following defendants: Histologics, BR Surgical, LLC, Neal M. Lonky, M.D., Martin Lonky, Kenneth Frank, M.D., Andrew Burg, M.D., Marc Winter, M.D., Ramon M. Cestero, M.D., Catherine Han, M.D., Ann Marie Raffo, M.D. and Steven Vasilev, M.D. Prior to dismissal, no defendant had filed a counterclaim or responsive pleading. Histologics opted instead to file a motion to dismiss SMR's complaint on August 10, 2013. (Dkt No. 13.) On October, 1, 2013, this Court dismissed SMR's complaint in its entirety thereby terminating jurisdiction over all originally named defendants as no defendant had a pending counterclaim. By virtue of the June 17, 2013 declaratory judgment action, Histologics asserts claims against SMR and CDx. Similarly, in the New York Action, Plaintiffs SMR and CDx assert claims against Histologics and three named customers of Histologics. Thus, the primary parties between the two actions are SMR, CDx and Histologics. Accordingly, the second factor is established as there is sufficient similarly between the parties.

Finally, the third factor examines the similarity of issues between co-pending actions. The Central District of California has stated that "the first-to-file rule does not require identical parties or issues, so long as the actions are substantially similar or involve substantial overlap." *PETA*, 2011WL686158 at *2. Here, Histologics has asserted three counts seeking declarations of non-infringement, invalidity and unenforceability of the '044 patent. In the New York Action, Plaintiffs SMR and CDx assert a single claim for infringement of the '044 patent. As the issues of infringement, invalidity, and unenforceability of the '044 patent substantially overlap, there is similarity of issues for the purpose of the first-to-file rule. *Pacesetter*, 678 F.2d at 94–96 (applying the first-to-file rule where the risk of conflicting determinations as to overlapping claims related to patent infringement, validity and enforceability were clear."). From the foregoing, the applicable factors establish that the New York Action was first-filed. As

such under principles of federal comity, Histologics' declaratory judgment claims should be dismissed or transferred to the Southern District of New York.

**D. Alternatively, This Action Should be Stayed Pending a Ruling in the New York Action Regarding the First-Filed Action.**

Alternatively, based on this Court's inherent power and in the interest of preserving judicial resources, SMR and CDx request that the Court defer ruling on the instant Motion to Dismiss and stay this action pending a decision in the New York Action as to the first-filed case. District courts have inherent power to control their dockets and calendars and the decision whether to stay a proceeding falls within the discretion of the Court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Levva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court"). In the New York Action, Histologics dispatched a "Pre-motion Conference Letter in Support of its Motion to Dismiss or Transfer Action to the Central District of California" to the presiding Judge on June 14, 2013, indicating its intention of filing a motion to dismiss under the first-to-file rule, or alternatively, transfer the New York Action to this Court pursuant to 28 U.S.C. § 1404(a). (*See* Histologics' Pre-Motion Letter, Ex. B.) On July 12, 2013, SMR and CDx filed their response to Histologics' Pre-Motion Letter asserting that the New York Action, not this action, is first-filed and that transfer is not warranted. (*See* SMR and CDx's Response to Pre-Motion Letter, Ex. C.) As the New York court will necessarily decide the first-filed issue, this Court may defer deciding the instant Motion in an effort to preserve judicial resources. During the hearing held on July 19, 2013 the New York court said it would rule on Histologics' motion on October 25, 2013.

From the foregoing, dismissal or transfer of Histologics' purported "counterclaims" is warranted under Rule 12(b)(1), 12(b)(6) or the first-to-file rule. Alternatively, this Court should stay its ruling on the instant Motion pending a decision from the New York court as to the first-filed case.

## IV. CONCLUSION

SMR respectfully requests that the Court dismiss or transfer Histologics' "counterclaims," or alternatively, stay its ruling on this instant Motion.

DATED: July 22, 2013.

C.J. Veverka
Kirk R. Harris
Tyson K. Hottinger
MASCHOFF BRENNAN

By: ___________________
Kirk R. Harris
Attorneys for Plaintiff
Shared Medical Resources LLC and CDx Diagnostics, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2013 I caused a true and correct copy of the foregoing document to be filed with the Clerk of Court and served on all counsel of record via CM/ECF.

*/s/ Kirk R. Harris*

**CERTIFICATE OF CONFERENCE**

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 16, 2013, via telephone.

*/s/ Kirk R. Harris*